**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Marcus ELLISON, Appellant.**

Superior Court of Pennsylvania.

Argued May 16, 2002.
Decided June 3, 2004.

---

Paul M. Messing, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: KLEIN, BENDER and MONTEMURO *, JJ.

* Retired Justice assigned to the Superior Court.

KLEIN, J.

¶ 1 This case returns to us on remand from the Supreme Court of Pennsylvania for reconsideration of our order affirming the dismissal of Marcus Ellison's petition under the Post–Conviction Relief Act (PCRA).[1] Ellison claimed his prior appellate counsel was ineffective for failing to file a petition for allowance of appeal (PAA) in the Supreme Court following our affirmance of his judgment of sentence. We concluded that this claim lacked merit because, under the law existing at the time, Ellison failed to prove that the Supreme Court likely would have granted his PAA had it been filed.

¶ 2 Subsequent to our earlier decision, the Supreme Court decided *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003), which eliminated the requirement that the petitioner show that the Supreme Court would have granted his PAA had it been filed. Under the new standard, we are now compelled to reverse and remand, directing the PCRA court to grant Ellison's request for *nunc pro tunc* relief. We also wish to clarify the current law regarding the required proof for an ineffectiveness claim based on counsel's failure to file a PAA.

## I. Factual and Procedural History

¶ 3 On April 23, 1998, a jury convicted Ellison of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, stemming from his gunpoint assault of a woman in an alleyway. He was sentenced to 7 to 15 years in prison. On June 16, 1999, this Court affirmed the judgment of sentence. No further appeal was filed.

¶ 4 Ellison timely filed a PCRA petition, *pro se,* on July 3, 2000. Counsel was appointed and an amended petition was

1.  42 Pa.C.S.A. §§ 9541–46.

filed. On August 2, 2001, the PCRA court dismissed Ellison's petition, without a hearing, following proper notice.

¶ 5 On July 3, 2002, we affirmed the order dismissing Ellison's PCRA petition. In his petition, Ellison claimed his prior appellate counsel was ineffective for failing to file a PAA in the Supreme Court following our affirmance of his judgment of sentence. He also sought reinstatement of his appellate rights *nunc pro tunc.* We concluded that Ellison's ineffectiveness claim lacked merit because he failed to show that the Supreme Court likely would have granted his petition had it been filed, which was required at the time of our decision. *See Commonwealth v. Padden,* 783 A.2d 299 (Pa.Super.2001); *Commonwealth v. Byrd,* 441 Pa.Super. 351, 657 A.2d 961 (1995). After we denied PCRA relief, Ellison timely filed a PAA in the Supreme Court.

¶ 6 After the filing of our memorandum decision, the Supreme Court decided *Liebel, supra,* which changed the requirements for proving a claim of ineffectiveness of counsel for failure to file a PAA. On November 14, 2003, the Supreme Court granted Ellison's PAA, vacated our prior order, and remanded for reconsideration in light of *Liebel.* On remand, we permitted the parties to file supplemental briefs to address the effect of *Liebel.*

¶ 7 We have reviewed the parties' filings as well as *Liebel* and subsequent cases interpreting that decision. Under the standard announced in *Liebel,* we reverse the order of the PCRA court and remand for the reinstatement of Ellison's right to file a PAA *nunc pro tunc.*

## II. Discussion

¶ 8 In *Liebel, supra,* the Supreme Court held that a petitioner is no longer required to prove that the Court would have granted review had a timely PAA been filed in

order to state a cognizable claim of counsel's ineffectiveness under the PCRA. The Supreme Court noted that while a defendant does not have an automatic right to an appeal in the Supreme Court, he has a right to *file* a PAA, "provided that appellate counsel believes that the claims that a petitioner would raise ... would not be completely frivolous." 825 A.2d at 635 (citing Pa.R.A.P. 1112). A defendant also has a rule-based right to counsel throughout the direct appeal process. *See id.;* Pa.R.Crim.P. 122(C)(3). The Court observed that counsel's unjustified failure to file a PAA when requested to do so "is the functional equivalent of having no representation at all on direct appeal." 825 A.2d at 635. Thus, " 'where the remaining requirements of the PCRA are satisfied, *the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.* ' " *Id.* (quoting *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 572 (1999)) (emphases in original).

¶ 9 The Supreme Court reasoned that the prior law placed an undue burden on PCRA petitioners, who "simply cannot be expected to speculate on the internal operations and decisions of this Court." *Id.* at 636 n. 10. The Court ultimately held that "such a wholesale denial of counsel sufficiently establishes that the truth-determining process has been undermined, rendering a showing that this Court would have granted review on Appellant's underlying claims unnecessary." *Id.* at 635–36.

■ ¶ 10 *Liebel,* however, does not spell out exactly what a petitioner needs to show to establish ineffectiveness with respect to the filing of a PAA, especially in relation to the general requirements for proving an ineffectiveness claim under the

PCRA.[2] *Liebel* suggests that all a petitioner needs to show is that he asked counsel to file a PAA, counsel failed to file a PAA, and that failure was "unjustified." 825 A.2d at 635. At least one panel of our Court has interpreted *Liebel* this way. *See Commonwealth v. Gadsden,* 832 A.2d 1082, 1088 (Pa.Super.2003) (remanding to PCRA court for determination of "whether Appellant asked counsel to file a[PAA], and if so, whether counsel's failure to do so was justifiable").[3] The parties in this case, however, have advocated a different standard. In their post-submission filings, they assert that *Liebel* requires a PCRA petitioner to prove that the claims he would have raised in a PAA are not "completely frivolous" in order to establish ineffectiveness.

¶ 11 One thing is clear; *Liebel* eliminates the petitioner's need to prove prejudice, the third prong of an ineffectiveness claim. *See* 825 A.2d at 636 & n. 11; *see also Commonwealth v. Halley,* 839 A.2d 392 (Pa.Super.2003) (noting *Liebel* demonstrates limited circumstance in which counsel's failure to file requested PAA to Supreme Court results in presumption of prejudice). This means a PCRA petitioner no longer needs to show that he is innocent or that the Supreme Court would have taken the appeal or that he would have won in the Supreme Court. Prejudice is presumed.

¶ 12 That brings us to the remaining two prongs of ineffectiveness—arguable merit and no reasonable basis. While *Liebel* does not directly address these requirements, based on our close reading of the opinion, we believe they are intertwined.

¶ 13 *Liebel* indicates that counsel's failure to file a requested PAA amounts to ineffectiveness if his failure to file was "unjustified." 825 A.2d at 635. We believe this is the equivalent of saying counsel had no reasonable basis for failing to file a PAA. If counsel was unjustified, then the underlying claim (*i.e.,* failure to file a PAA) has arguable merit and ineffectiveness is established. If counsel's failure to file a PAA was justified, then there would be no arguable merit to the claim that counsel was ineffective for failing to do so. The two prongs are seemingly inseparable.

¶ 14 But how do we determine whether counsel was justified or unjustified in not filing a requested PAA? The Supreme Court in *Liebel* suggested that counsel's failure to file would be justified if the claims the petitioner wanted to raise are "completely frivolous." *Id.* But the Court also stated that a petitioner need not "demonstrate the merits of the issue or issues which would have raised on appeal." *Id.* Taken together, we believe this means a petitioner needs to show only that the claims he would have raised in PAA are

---

**2.** To establish ineffectiveness of counsel under the PCRA, a petitioner must show that: (1) the underlying claim has arguable merit, (2) counsel had no reasonable basis for his action, and (3) the petitioner was prejudiced by counsel's conduct. *See Commonwealth v. Pierce,* 567 Pa. 186, 786 A.2d 203, 213 (2001).

**3.** This Court in *Gadsden* held that, under *Liebel,* the petitioner's claim that counsel was ineffective for failing to file a requested PAA was cognizable under the PCRA. 832 A.2d at 1086–88. The Court then went a step further, stating that counsel also has a related duty to adequately consult with his client regarding

his right to file a PAA with the Supreme Court. *Id.* at 1088. Thus, when faced with an ineffectiveness claim based on counsel's failure to file a PAA, the PCRA court must consider "whether counsel adequately and timely consulted with the petitioner before the filing deadline and whether counsel's failure or refusal to file a [PAA] was justified." *Id.* Here, there is no issue regarding the extent of counsel's consultation with Ellison, as counsel conceded that he knew Ellison wanted to file a PAA and was planning to do so after the disposition of the Superior Court appeal.

not completely frivolous, *i.e.*, have *some* level of merit, regardless of whether they are actually "winning" arguments.

¶ 15 For example, suppose a defendant goes to his lawyer after losing an appeal in this Court and says he wants to take his case to the Supreme Court. Counsel considers the merits of the claims raised in our Court and believes there is no chance they would succeed in the Supreme Court because there is Supreme Court precedent going the other way. The defendant says the prosecutor wore a blue shirt at trial and the trial judge wore a blue shirt, so he believes the trial judge was biased toward the Commonwealth and, therefore, he did not receive a fair trial. If counsel refused to file a PAA, there is no question that he would be justified, because the claim the defendant wanted to pursue was completely frivolous (and possibly waived).

¶ 16 On the other hand, suppose a defendant wants his lawyer to pursue an appeal to the Supreme Court asserting the same claims he raised in our Court. The panel was split and there was a strong dissent supporting the defendant's position on the issues. The lawyer, however, refuses to file a PAA because he believes it would be a waste of his time and effort. This would clearly be unjustified, because the claims the defendant wanted to raise were not completely frivolous.

¶ 17 In sum, we interpret *Liebel* to mean that a PCRA petitioner no longer needs to show that he is innocent or that the Supreme Court definitely would have taken the appeal or that he would have won in the Supreme Court in order to prove counsel's ineffectiveness for failing to file a PAA. Nor does he need to demonstrate the merits of the underlying issues. The only things a petitioner needs to show are that he asked his attorney to file a PAA

and there is some chance that the Supreme Court would have taken his case, *i.e.*, his claims are not completely frivolous.

■ ¶ 18 Here, Ellison's direct appeal counsel admitted in an affidavit that he knew Ellison wanted to pursue all of his appellate rights, including the filing of a PAA in the Supreme Court. However, counsel claimed he never received notice of this Court's order affirming the judgment of sentence and thus missed the 30–day deadline for filing a PAA. In his PCRA petition, Ellison incorporated by reference the brief he filed in this Court in 1999, indicating he would have raised the same issues in the Supreme Court that he raised in his prior brief.

¶ 19 Unfortunately, our Court no longer has the briefs from the 1999 appeal, as the case is nearly five years old and the briefs have long been purged. Nor do we have the briefs from the PCRA appeal to which Ellison's proposed PAA was attached. We do, however, have in the record Ellison's Pa.R.A.P.1925(b) statement from the direct appeal as well as the memorandum decision affirming the judgment of sentence. From these we are able to ascertain what claims Ellison possibly would have raised in a PAA.

¶ 20 After reviewing Ellison's potential claims (and without passing on the propriety of the prior panel's decision), we believe there is a chance the Supreme Court would take Ellison's appeal. In his 1999 appeal, Ellison claimed that the trial court erred in: (1) failing to adequately *voir dire* the jurors about their potential biases; (2) barring cross-examination of the victim regarding her prior criminal record; and (3) allowing testimony about Ellison's post-arrest silence.[4] None of these claims is

---

4. In his Rule 1925(b) statement, Ellison asserted ten claims of error. Only three of those claims were addressed in our Court's 1999 memorandum decision, however, so we

completely frivolous. Thus, we must now look to counsel's reason for failing to file a PAA to see whether his conduct was justified.

¶ 21 Ellison's prior counsel (of the Philadelphia Defender Association) knew Ellison wanted to file a PAA but claimed he never received notice of this Court's order affirming the judgment of sentence. Because the PCRA court did not hold an evidentiary hearing or make findings of fact, we do not know whether counsel's lack of notice was attributable to a breakdown in the court process or his own action. On one hand, if the Defender Association's Office received the notice but for some reason the notice was not passed on to Ellison's attorney, then counsel would be unjustified in not filing a PAA. On the other hand, if the Defender Association never received the notice due to some external error, then that would amount to a breakdown in the court process. Either way, Ellison would be entitled to *nunc pro tunc* relief. Under these circumstances, rather than remanding for an evidentiary hearing and findings of fact, we believe it would be more efficient to instruct the PCRA court to reinstate Ellison's right to file a PAA *nunc pro tunc*.

## III. Conclusion

¶ 22 Pursuant to *Liebel,* we reverse the order of the PCRA court and remand for the reinstatement of Ellison's right to file a petition for allowance of appeal *nunc pro tunc.*

¶ 23 Order reversed. Case remanded with instructions. Jurisdiction relinquished.

¶ 24 MONTEMURO, J., files a Concurring Opinion.

MONTEMURO, J., Concurring.

¶ 1 Because I disagree with the Majority's analysis, I respectfully concur.

¶ 2 The Majority points out that this Court in *Commonwealth v. Gadsden,* 832 A.2d 1082 (Pa.Super.2003), has adopted the Supreme Court's suggestion that "all a petitioner needs to show is that he asked counsel to file a PAA, counsel failed to file a PAA, and that failure was 'unjustified.' " (Majority Opinion at 980). We are, I believe, bound by that interpretation until the Supreme Court directs otherwise. Moreover, the fact that *allocatur* has been denied in *Com. v. Gadsden,* —— Pa. ——, 850 A.2d 611 (2004), although not completely determinative, strongly suggests that the *Gadsden* reading is, in fact, accurate.

¶ 3 The Majority bases its analysis on the parties' assertion that a petitioner must prove that "the claims he would have raised in a PAA are not 'completely frivolous' in order to establish ineffectiveness." (Majority Opinion at 980). However, adoption of this requirement and equation of it to classic ineffectiveness of counsel analysis assessing "arguable merit and no reasonable basis," (Majority Opinion at 980), clearly flies in the face of the *Liebel* pronouncement that "where the remaining requirements of the PCRA are satisfied, **the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.**" *Liebel, supra* at 635 (emphasis in original). The quote is from *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 572 (1999). "[T]the remaining requirements" is a reference to eligibility and timeliness, not a

---

presume that Ellison abandoned the remaining claims when he filed his appellate brief on

direct appeal.

determination of the merits to whatever degree.

¶ 4 Here, consistent with *Gadsden,* Appellant requested that counsel file a PAA, and counsel failed to do so for mechanical reasons—no interpretation of legal substance was involved, nor pursuant to *Liebel,* required. The failure was therefore "unjustified."

¶ 5 Accordingly, I concur.