J-S55032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD DOUGLAS JANDA | |
| Appellant | No. 57 EDA 2014 |

Appeal from the PCRA Order December 24, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000703-2008
CP-39-CR-0004266-2008

BEFORE: BOWES, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2015**

Ronald Douglas Janda appeals from the order entered in the Lehigh County Court of Common Pleas, dated December 24, 2013, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA"), submitted as a "petition in *coram norbis*."[1]  Janda seeks relief from the amended judgment of sentence of an aggregate 144 months' (minus five days) to 312 months' (minus five days) imprisonment imposed on May 16, 2011, following his jury conviction of four counts of burglary, four counts of theft by unlawful taking, and nine counts of receiving stolen property.[2]  On

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3502(a), 3921(a), and 3925(a), respectively.

appeal, he raises three ineffective assistance of counsel claims. Based on the following, we affirm.

Janda's convictions stem from a string of nine burglaries in the Lehigh County area from March 8 to August 8, 2007. Each of the burglaries was of a home, and the homes were located within five or six miles of one another.[3] The court originally imposed an aggregate sentence of 156 to 312 months of incarceration on June 3, 2009. On February 10, 2011, a panel of this Court vacated the judgment of sentence and remanded for fact-finding relating to Janda's prior record score ("PRS"). *See Janda I*, *supra*.[4] On remand, during re-sentencing, the trial court recalculated Janda's PRS, lowering it from four to three, and incorporated evidence from the original sentencing hearing. The court then imposed an aggregate sentence of 144 months

_____

[3] A full factual history was previously set forth by a panel of this Court on direct appeal, and we need not restate it here. *See Commonwealth v. Janda*, 14 A.3d 147 (Pa. Super. 2011) ("*Janda I*").

[4] Nevertheless, the panel found Janda's remaining arguments lacked merit based on the following: (1) the trial court did not abuse its discretion pursuant to Pa. R. Crim. P. 582(A) by joining Janda's two indictments for one trial because he did not establish prejudice under Pa. R. Crim. P. 583; (2) the court did not err in refusing to suppress evidence obtained during the execution of search warrants for Janda's apartment and a rented storage unit; (3) the court did not err under Pa.R.E. 1002 by admitting printed photos, rather than a memory card, from a victim's digital camera; (4) the court did not err in declining to remove a certain juror from the jury panel; (5) the trial court did not err in declining to give a requested instruction regarding missing evidence and improper cumulation of evidence; (6) there was sufficient evidence to support all convictions; and (7) the court did not err in denying Janda's motion for return of property under Pa.R.Crim.P. 588.

minus five days' to 312 months minus five days' imprisonment.[5] Janda filed a post-sentence motion, which was denied. He then filed his direct appeal, challenging discretionary aspects of sentencing. On April 26, 2012, a panel of this Court affirmed the judgment of sentence. *See Commonwealth v. Janda*, 48 A.3d 486 [2026 EDA 2011] (Pa. Super. 2012) (unpublished memorandum) ("*Janda II*").

Janda did not file a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court, but did file a *pro se* "petition in *coram nobis*" on April 17, 2013. The court considered the *pro se* petition as a request for relief under the PCRA[6] and appointed new counsel, Robert Long, Esquire. On September 3, 2013, counsel filed an amended PCRA petition, alleging ineffective assistance of counsel.[7] A hearing was held on November 4, 2013,

---

[5] Specifically, on each of the four counts of burglary, the court imposed a sentence of 21 to 48 months' incarceration. For five of the receiving stolen property counts, the court sentenced Janda, on each count, to a term of 12 months' (minus one day) to 24 months (minus one day). The court ran all of the sentences consecutive to one another.

[6] The writ of *coram nobis* "provides a way to collaterally attack a criminal conviction for a person ... who is no longer 'in custody' and therefore cannot seek *habeas* relief...." *Commonwealth v. Descardes*, 101 A.3d 105, 109 (Pa. Super. 2014) (*en banc*), *quoting Chaidez v. United States*, 133 S.Ct. 1103, 1106 n.1 (U.S. 2013). Based on the docket and the transcript from the PCRA evidentiary hearing, it appears that Janda is still in custody, and therefore, a writ does not apply.

[7] Carol Marciano, Esquire, represented Janda at trial and on both direct appeals. For purposes of this appeal, she will be referred to as "trial counsel."

where both Janda and trial counsel testified. On December 24, 2013, the PCRA court entered an order and opinion, denying Janda's petition. This timely appeal followed.[8]

Janda raises the following three claims: (1) trial counsel was ineffective for failing to request a missing or destroyed evidence charge, pursuant to Pennsylvania Suggested Standard Jury Instruction 3.21B (Crim),[9] concerning the media cards from a camera owned by two of the

_____

[8] On January 6, 2014, the PCRA court ordered Janda to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Janda filed a concise statement on January 17, 2014. The court entered an order on January 23, 2014, indicated that its December 24, 2013, companion opinion satisfied the requirements of Rule 1925(a).

[9] Suggested Standard Jury Instruction 3.21B provides:

Failure to Produce Document or Other Tangible Evidence

1. There is a question about what weight, if any, you should give to the failure of the Commonwealth to produce an item of potential evidence at this trial [the District Attorney did not request certain items for forensic testing].

2. If three factors are present, and there is no satisfactory explanation for a party's failure to produce an item, the jury is allowed to draw a common-sense inference that the item would have been evidence unfavorable to that party. The three necessary factors are:

First, the item is available to that party and not the other;

Second, it appears the item contains or shows special information material to the issue; and

Third, the item would not be merely cumulative evidence.
*(Footnote Continued Next Page)*

victims, Mr. and Mrs. Glenn Wotring; (2) counsel was ineffective for failing to request that the trial judge recuse himself from the matter; and (3) counsel was ineffective for failing to file a PAA with the Pennsylvania Supreme Court regarding an evidentiary issue. *See* Janda's Brief at 9-14.

Our well-settled standard of review is as follows: When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). Moreover, because all three claims concern ineffective assistance of counsel, we note the following:

> We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, [an a]ppellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [a]ppellant

_(Footnote Continued)_ _____

> 3. Therefore, if you find these three factors present and there is no satisfactory explanation for the Commonwealth's failure to produce [the fact that they chose not to test certain items], at this trial, you may infer, if you choose to do so, that it would have been evidence unfavorable to the Commonwealth.

Pa. SSJI 3.21B (Crim).

suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if [a]ppellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, [a]ppellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Spotz***, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1061 (Pa. 2012) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude there is no merit to Janda's claims. The PCRA court's opinion comprehensively discusses and accurately disposes of the first and second issues presented. ***See*** PCRA Court Opinion, 12/24/2013, at 2-9 (finding: (1) with respect to the jury instruction issue, that while there was arguable merit to the claim because counsel failed to properly preserve a missing evidence instruction, such failure did not constitute ineffectiveness because (a) Janda was not entitled to a "failure to produce document or other tangible evidence at trial" instruction,[10] and (b) any potential error was

_____

[10] Specifically, Janda was unable to demonstrate any bad faith on the part of the Commonwealth in reviewing and then returning the media card to the Wotrings. The PCRA court noted that the victims, the Wotrings, had
*(Footnote Continued Next Page)*

harmless in light of the item in question and the overwhelming evidence; and (2) with regard to the recusal issue, Janda did not meet his burden in demonstrating "bias, prejudice, or unfairness" as to the trial judge's ability to preside impartially where it was Janda who showed hostility toward the judge and "attempted to manipulate the criminal justice system in an effort to 'judge shop.'"[11]).  Accordingly, we affirm on the basis of the PCRA court's opinion.

We write separately to address the third issue of counsel's alleged ineffectiveness, namely his failure to file a PAA regarding the admissibility of a notebook.  Janda claims that when he spoke to trial counsel about filing a

*(Footnote Continued)* ───────────

cameras installed on the property to observe wildlife.  **See** PCRA Court Opinion, 12/24/2013, at 6.  Nevertheless, the camera also captured Janda's vehicle.  With the assistance of the Wotrings, the police were able to find the vehicle, which then led to Janda and the multiple stolen items from the victims.  **Id.**  Photographs from the Wotrings' camera were introduced into evidence at trial but not the actual memory card from the camera.  **Id.**

The court pointed out that the charge requires the item contain "special information material to the issue" before determining a jury instruction is warranted.  **Id.** at 7.  Here, the court found:

> [T]he photographs of [Janda's] Red Lumina were preserved, but any other photographs captured by the camera, such as outdoor wildlife, were not.  Furthermore, the media card was an investigative tool which led to [Janda], and the mountain of stolen items under his possession and control.  A missing evidence instruction would have been based on speculation that the media card contained "special information."

**Id.**

[11] **See id.** at 4.

- 7 -

PAA, "he was under the impression that it was in the context of a sentencing appeal only[,]" and not any other aspect of his direct appeal. Janda's Brief at 13. He states that while counsel may have timely consulted with him, it cannot be said that "she **adequately** consulted with him" based on "the ambiguity of which [direct] appeal she was talking about[.]" *Id.* at 13 (emphasis added).

We are governed by the Pennsylvania Supreme Court's decision in ***Commonwealth v. Liebel***, 825 A.2d 630 (Pa. 2003), which held that the failure of counsel to seek allowance of appeal before the Supreme Court constitutes ineffectiveness where (1) the defendant asked counsel to file such a petition and (2) counsel unjustifiably disregarded the request. *Id.* at 635. To succeed on this type of ineffectiveness claim, the petitioner must show that he asked counsel to file a PAA, counsel failed to do so, and such failure was "unjustified." ***Commonwealth v. Ellison***, 851 A.2d 977, 980 (Pa. Super. 2004), *aff'd on other grounds*, 902 A.2d 419 (Pa. 2006). Moreover, a petitioner needs to demonstrate "there is some chance that the Supreme Court would have taken his case, *i.e.*, his claims are not completely frivolous." *Id.* at 981.

Here, a review of the record reveals that on his first direct appeal, Janda presented eight questions concerning challenges to the joinder of his two indictments, suppression rulings, evidentiary rulings, juror bias, jury instructions, sufficiency of the evidence, a motion regarding return of

property, and legality of the sentence. A panel of this Court vacated his judgment of sentence as to the sentencing issue. *See Janda I*, *supra*. Janda did not file a PAA with the Pennsylvania Supreme Court. After remand and resentencing, Janda challenged only the discretionary aspects of his sentence. A panel of this Court affirmed the judgment of sentence. *See Janda II*, *supra*. He again did not file a PAA.

At the PCRA hearing, testimony was elicited as to why the PAA was not filed. Janda testified that after his first sentence was vacated, they did not discuss filing a PAA because they were concerned about resentencing. *See* N.T., 11/4/2013, at 8. However, after his new sentence was affirmed, he stated:

> I remember [trial counsel] teleconferenced me and asked me -- she was prepared to take the matter to the Supreme Court. We discussed the timeframe involved. I said it entails too much time, it would delay my PCRA relief, another year I would languish in prison needlessly. I said, no, I said, that it seems like a moot issue, we agreed and that was pretty much a forgone conclusion and we just left it at that.

*Id.* at 9-10. When asked if Janda wanted counsel to appeal the "notebook" evidentiary issue, he testified: "Uhm -- I really didn't have a position on that. Uhm -- and I believe I left under the impression that – that she believed that it would be a better matter to take up on PCRA." *Id.* at 10-11.

Trial counsel then testified to the following:

> Well … I had a telephone conference with him and he indicated to me he didn't want to file a petition to the Supreme Court -- I did explain to him the process and I did say, look, they take a small -- very small number of cases, they only take

certain kinds of cases like where there's a conflict in the panels of the Superior Court or it's a -- a case of first impression or something along those lines. And he said at the end -- and I -- and I had researched ahead of time that him skipping the Supreme Court step wouldn't affect any Federal habeas because he had talked about that at one time. So, I had researched that issue and I told him that. At the end, he said he wants to go forward with the PCRA, he doesn't want to waste any more time because he wanted to get to his PCRA issues.

…

And I heard what he said on direct and I don't remember specifically what issues that we talked about. My notes indicated we talked about in general does he want to go to the next step to the Supreme Court. You know, I -- the only time I could appeal any issues or file a petition for appeal from the Superior Court was at this point.

I couldn't have filed anything after the remand because it wasn't a final order. So, we had to wait until this point to even be able to go to the Supreme Court so I don't specifically remember what issues we talked about, my notes indicated it was a general conversation about whether he wanted to go [to] the next step to the Supreme Court.

*Id.* at 29-31.

Based on the testimony, the PCRA court found Janda "consulted with counsel, and made an informed decision not to seek relief in the Supreme Court." PCRA Court Opinion, 12/24/2013, at 3 (footnotes omitted). It is evident from this determination that the PCRA court accepted trial counsel's recollection of events, in so far as counsel generally discussed the aspects of filing a PAA with Janda. Absent his own self-serving testimony, Janda presented no evidence that counsel interfered with his right to file a PAA. Accordingly, we agree with the court that Janda's claim is without merit.

*See Libel*, *supra*.   Furthermore, we note Janda has made no attempt to persuade this Court that the evidentiary issue he wished to pursue in a PAA was not completely frivolous.  *See Ellison*, *supra*.   Indeed, a review of his amended PCRA petition and his appellate brief reveals that he failed to include any discussion of the "notebook" issue that he originally raised on direct appeal.   Therefore, his final ineffectiveness argument fails.

Accordingly, we conclude that the PCRA court properly denied Janda's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015