J-S60007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERVIN WARFIELD WHITBY | |
| Appellant | No. 179 MDA 2014 |

Appeal from the PCRA Order December 30, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000054-2010

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 18, 2015**

Ervin Warfield Whitby appeals from the order entered on December 30, 2013, in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act,[1] following an evidentiary hearing.  Whitby contends trial counsel was ineffective in failing to (1) call a witness, (2) request a mistrial, and (3) file a petition for allowance of appeal. *See* Whitby's Brief at 4.  Based upon the following, we affirm.

This Court, in Whitby's direct appeal, reiterated the trial court's summary of the factual history of the case:

> On November 2, 2008, [L.N.] was working at Shadowfax, a group home for mentally and physically disabled people. [N.T., 11/8-10/10, at 70-71.] At approximately

---

[1] 42 Pa.C.S. §§ 9541–9546.

8:30 p.m., [L.N.] was in the living room when there was a knock at the front door. [*Id.* at 73-74.] David Fisher ["David"], a resident of the group home, unwittingly opened the door and two men pushed past him, demanding keys to the 2005 Dodge Ram van outside. [*Id.* at 74-75.] While one man began to molest [L.N.], the other man, identified by [L.N.] as [Whitby], pushed David back into his room. [*Id.* at 75-79.] When David shouted, "I'm calling 911!" both men ran out [of] the door, taking $31.00 [that L.N.] had removed from a lock box as well as the van keys that [she] had handed one of the men. [*Id.* at 79.] After the men left, [L.N.] shut and locked the door and saw that the van was gone. [*Id.* at 79-80.]

Trial Court Opinion, 6/6/11, at 3 (unnumbered).

*Commonwealth v. Whitby*, 46 A.3d 809 (Pa. Super. 2012) (unpublished memorandum).

Whitby proceeded to a trial with a jury on November 8, 2010. The evidence showed that on November 4, 2008, at approximately 6:10 p.m., police stopped Jody Witter, Whitby's co-defendant, in the Shadowfax van. N.T., 11/8/2010, at 166–167. Witter was the only person in the van. *Id.* at 166. Detective Robert Kane of the Philadelphia Police Department recovered a tan-colored sweatshirt from Witter when Witter was taken into custody. *Id.* at 169. A DNA test matched the sweatshirt to Whitby. *Id.* at 146–148. Further, at trial, L.N. identified Whitby by voice and appearance as one of the two individuals involved in the incident. *Id.* at 77, 88. Whitby's brother, Maurice, testified that Whitby had made statements against his own interest when he last saw Whitby, at the "end of October, early November," approximately "two years ago," i.e. 2008. *Id.* at 179. Maurice testified

that Whitby said that he had gotten $20.00 and that he had a stolen car to get to Wilmington. *Id.* at 181–182.

The jury convicted Whitby of two counts of theft by unlawful taking and one count each of robbery, burglary and criminal conspiracy (robbery).[2] The trial court ultimately sentenced Whitby to an aggregate sentence of 13 to 26 years' imprisonment. On February 2, 2012, this Court affirmed the judgment of sentence. *Whitby, supra*. Whitby subsequently filed this timely PCRA petition on January 31, 2013.[3] Counsel was appointed, and the PCRA court conducted an evidentiary hearing on August 29, 2013. Following the PCRA court's denial of relief on December 30, 2013, this appeal followed.[4]

> The principles that guide our review are as follows:
>
> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013). …
>
> To obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In Pennsylvania, we have applied the *Strickland* test by looking to the following three

---

[2] *See* 18 Pa.C.S. §§ 3921, 3701, and 3502, and 903, respectively.

[3] *See* 42 Pa.C.S. § 9545(b)(1) (PCRA time requirements).

[4] Whitby timely complied with the trial court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), within the extension of time granted by the PCRA court.

elements that must be satisfied: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his actions or failure to act; and (3) the PCRA petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Counsel is presumed to have rendered effective assistance of counsel. **Commonwealth v. Montalvo**, 604 Pa. 386, 986 A.2d 84, 102 (Pa. 2009). Further, this Court is not required to analyze the elements of an ineffectiveness claim in any particular order; if a claim fails under any necessary element, the Court may proceed to that element first. **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Jones**, 590 Pa. 202, 912 A.2d 268, 278 (Pa. 2006).

**Commonwealth v. Rivera**, ___ A.3d ___, ___ [2014 Pa. LEXIS 3529] (Pa.

Dec. 29, 2014).

Whitby first claims that trial counsel was ineffective for failing to call

Jody Witter, his co-defendant who was tried separately, as a witness.

"Where a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." **Commonwealth v. Clark**, 599 Pa. 204, 961 A.2d 80, 90 (Pa. 2008). With respect to such claims, our Court has explained that:

the [appellant] must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant.

- 4 -

> ***Commonwealth v. Brown***, 2001 PA Super 18, 767 A.2d 576, 581-582 (Pa. Super. 2001), *quoting **Commonwealth v. Fletcher***, 561 Pa. 266, 750 A.2d 261, 275 (Pa. 2000), *abrogated on other grounds by **Commonwealth v. Freeman***, 573 Pa. 532, 827 A.2d 385 (Pa. 2003). Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. ***Commonwealth v. Auker***, 545 Pa. 521, 681 A.2d 1305, 1319 (Pa. 1996). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Id.***

***Commonwealth v. Michaud***, 70 A.3d 862, 867–868 (Pa. Super. 2013).

At the PCRA hearing, trial counsel testified that he had discussed Witter with Whitby. He also testified that he never spoke to Witter. When questioned why he did not call Witter as a witness, trial counsel explained:

> Well, number one, the man's already been convicted for this offense. Credibility is completely out the window. Having him sit up here and say no, Mr. Whitby had nothing to do with this whatsoever, through my experience, the jury is going to look at him and say – maybe it's speculation – they're going to look at him and say that you've already been convicted and you're just trying to help your friend out and we're not going to believe a word you say.
>
> And they can bring in past record on him, and I know from looking back, he had an extensive record, some of which could be brought into court.
>
> And also, now with him, they can then question him as to how they know Mr. Whitby, and then it opens up the whole can of worms as to how these men knew each other from prison.
>
> And I don't trust Mr. Witter on the stand because I read through the transcripts of his other trial, and it was a circus, and me calling somebody that's going to create a circus for Mr. Whitby, I was concerned it would be a one-way ticket to a quick conviction and the man would have no chance – my client would have no chance at trial.

N.T., 8/29/2013, at 22–23.

Witter did not testify at the PCRA hearing, but the Commonwealth agreed that Witter would testify as he stated in his affidavit. ***See id.*** at 57. In his affidavit, Witter claimed he would have testified he never made any statements to Detective Dony Harbough of York County and Detective Kane, and he did not make any statements that implicated Whitby in a crime. ***See*** Affidavit of Jody Witter, 11/15/2012.[5]

Based on our review, we agree with the PCRA court no relief is due on this claim, based upon Whitby's failure to show that counsel's actions lacked a reasonable basis, and that he suffered prejudice. Here, trial counsel's explanation of his decision not to call Witter, based on his reading of Witter's trial transcripts, constituted a reasonable trial strategy. Furthermore, although Whitby maintains that "[h]aving the jury see a person (Mr. Witter) who was responsible for the crimes testify very easily could have changed the verdict,"[6] Whitby ignores the consequences of exposing Witter to cross–examination regarding Witter's criminal record, and his association with Whitby in prison. Accordingly, we conclude this claim fails.

---

[5] We note that prior to this November 15, 2012, affidavit, Witter, in his own PCRA proceeding, had argued DNA evidence taken from the hoody linked Whitby to the offenses. ***Commonwealth v. Witter,*** 38 A.3d 934 [126 MDA 2011] (Pa. Super. 2011) (unpublished memorandum, at 7), *appeal denied*, 42 A.3d 293 (Pa. 2012).

[6] Whitby's Brief, at 15-16.

Next, Whitby claims that trial counsel was ineffective in failing to object and request a mistrial during the testimony of Detective Kane. It bears mention that Detective Kane did not testify in court, but rather testified at trial via speakerphone. The testimony at issue occurred during cross examination. Specifically, Kane testified Witter told him, at the time the van was recovered, that Whitby was with Witter in the stolen van in Wilmington, Delaware, prior to the van's recovery in Philadelphia. N.T., 11/8/2010, at 172. Thereafter, trial counsel requested a short recess, and then moved to strike Kane's testimony about Witter's statements, and asked the court to issue a cautionary instruction. The trial court agreed, and when the jury returned, the trial court instructed the jury that Witter's statement was hearsay and it should not be considered during their deliberations.[7]

---

[7] The trial judge instructed the jury as follows:

> Ladies and gentlemen, one matter to address before we begin taking more testimony. When Detective Kane testified, this was the Philadelphia detective, at one point, one or two points, he made some reference to statements that were made by another individual, the individual driving the van that was recovered in Philadelphia. He made some statements about things he said to him about what he was wearing or not wearing.
>
> For the most part, statements, out-of-court statements where one person is repeating what someone else said is considered hearsay. Generally that is not admissible, and under the facts of this case, those statements would not be admissible, so I'm instructing you at this time not to consider any statements that were repeated by Detective Kane based on information or

*(Footnote Continued Next Page)*

Presently, Whitby claims this instruction was insufficient to cure the prejudice of the statement, and, consequently, trial counsel was ineffective for failing to request a mistrial. The PCRA court rejected Whitby's argument, opining that "[t]he cautionary instruction was a reasonable basis to pursue, and [Whitby] agreed to it during the trial." PCRA Court Opinion, 12/30/2013, at 7. The PCRA court further determined that Whitby "cannot argue prejudice from an issue that the Judge addressed at trial and [Whitby] approved." *Id.* We agree with the PCRA court.

Here, trial counsel consulted with Whitby, Whitby agreed with counsel's strategy, and the trial court gave a curative instruction as requested. It is well settled that absent evidence to the contrary, a jury is presumed to have followed a court's curative instructions. *Commonwealth v. Spotz*, 896 A.2d 1191, 1224 (Pa. 2006). Accordingly, we conclude the PCRA court did not err in finding Whitby's second claim does not support his request for post collateral relief.

Finally, Whitby claims that trial counsel was ineffective for not petitioning for allowance of appeal to the Pennsylvania Supreme Court.

"[W]hile a defendant does not have an automatic right to an appeal in the Supreme Court, he has a right to *file* a PAA, 'provided that appellate

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

statements from the other individual, I believe identified as Mr. Witter who was driving the van.

N.T., 11/8/2010, at 175–176.

counsel believes that the claims that a petitioner would raise … would not be completely frivolous.'" ***Commonwealth v. Ellison***, 851 A.2d 977, 979 (Pa. Super. 2004), *citing* ***Commonwealth v. Liebel***, 825 A.2d 630, 635 (Pa. 2003).

We note that in Whitby's direct appeal, he challenged the sufficiency and weight of the evidence, and that this Court, on February 7, 2012, rejected those claims. ***See Whitby, supra***. Counsel then informed Whitby that this Court had affirmed the judgment of sentence, and asked him if he wanted to proceed. N.T., 8/29/2013, at 32. Whitby responded by letter, dated February 20, 2012, stating, "I will like to have you push for the issue resting on judicial discretion with declaring a mistrial." ***Id.*** at 54–55.

The PCRA court, in denying relief on this ineffectiveness claim, opined:

> Attorney Gross testified that he appealed the jury's verdict to the Superior Court and challenged the ruling on grounds of sufficiency and weight of the evidence. This appeal was denied, and Attorney Gross notified the Defendant and asked him if he wished to proceed. [Whitby] then thanked Attorney Gross for his strong issues raised on appeal, and [Whitby] asked to add new issues for an appeal to the Pennsylvania Supreme Court. Attorney Gross testified that it was his understanding that he could not appeal new issues to the Supreme Court that were not first raised to the Superior Court, so he decided not to file a petition for allowance of appeal with the Supreme Court.

> This Court agrees with Attorney Gross's understanding of the appellate process. Issues must be preserved on appeal, so the lower courts have an opportunity to research and adjudge the issues raised by a defendant. [Whitby] cannot choose new issues to appeal to the Supreme Court because former issues failed in the Superior Court. The mistrial issue was not preserved for appeal to the Supreme Court, and because it was not preserved, the lower courts were never able to offer opinion on

the matter. This Court concludes that not only does this claim of ineffectiveness lack arguable merit but Attorney Gross's decision also had a reasonable basis. Attorney Gross's decision not to file new issues with the Supreme Court was not only reasonable but the proper course of action. For these reasons, to the extent [Whitby] asks for PCRA relief regarding an appeal to the Pennsylvania Supreme Court, this Court concludes that [Whitby] has failed to satisfy the [ineffectiveness] standard ….

PCRA Court Opinion, 12/30/2013, at 8-9 (record citations omitted). We agree with this analysis.

Here, the mistrial issue was not raised on direct appeal, and, consequently, was not preserved for review. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived."). Since the Pennsylvania Supreme Court would not be able to review Whitby's waived claim, we conclude counsel's reason for failing to file a petition for allowance of appeal was justified. **See, e.g., Commonwealth v. Rigg**, 84 A.3d 1080, 1088 (Pa. Super. 2014) (counsel was not *per se* ineffective in not filing a petition for allowance of appeal where the lone issue appellant wished to be reviewed was a discretionary sentencing claim that the Supreme Court is generally statutorily precluded from reviewing). Accordingly, Whitby's final ineffectiveness claim warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015