J-S16032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRIN GOINS | : | |
| | : | No. 1600 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 14, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at No.:  CP-35-CR-0001384-2010

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                              **FILED MAY 30, 2018**

Appellant, Darrin Goins, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  He claims that he received ineffective assistance counsel in connection with his direct appeal.  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On November 1, 2010, after the trial court had assembled a jury panel in preparation for Appellant's trial, he entered a guilty plea to one count of aggravated assault.[1]  The charge stems from Appellant's pushing of the victim onto the top of a fence, causing blindness in the victim's right eye.

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

On December 23, 2010, Appellant filed a motion to withdraw his guilty plea, and the trial court held a hearing on the matter on January 28, 2011. At the hearing, Appellant offered a bare claim of innocence as the reason for seeking withdrawal of the plea. (**See** N.T. Petition to Withdraw Guilty Plea, 1/28/11, at 2-3, 6). The trial court denied the motion. On February 11, 2011, the court sentenced Appellant to a term of not less than seven and a half nor more than twenty years' incarceration. Appellant did not initially file a direct appeal. However, on December 18, 2014, his direct appeal rights were reinstated *nunc pro tunc*, following litigation of a PCRA petition.

On direct appeal, Appellant raised one issue, challenging the trial court's denial of his pre-sentence motion to withdraw his guilty plea. (**See Commonwealth v. Goins**, 2015 WL 6956655, unpublished memorandum at *3 (Pa. Super. filed Nov. 10, 2015)).[2] This Court affirmed the judgment of sentence on November 10, 2015. (**See id.** at *1). Appellant did not file a petition for allowance of appeal (PAA) with our Supreme Court. On April 6, 2016, Appellant filed a *pro se* application to file a PAA *nunc pro tunc*, which our Supreme Court denied on June 20, 2016, without prejudice to his right to seek similar relief through the PCRA. (**See** Order, 6/20/16).

---

[2] Appellant framed his issue as follows: "Whether the trial court abused its discretion in finding that Appellant's assertion of innocence was not a fair and just reason for withdrawing [the] guilty plea; and, further finding that the Commonwealth would be substantially prejudiced if Appellant's Pre-Sentence Motion for Withdrawal of Guilty Plea were granted?" (**Goins**, **supra** at *3) (record citation omitted).

Appellant, acting *pro se*, filed the instant, timely PCRA petition on August 3, 2016. Appointed counsel filed a supplemental brief in support thereof on January 30, 2017. The PCRA court held a hearing on August 22, 2017, on the issue of whether direct appeal counsel was ineffective for failing to file a PAA with the Pennsylvania Supreme Court. At the hearing, Appellant presented evidence showing that he asked counsel to file a PAA. On September 14, 2017, the PCRA court entered a memorandum and order dismissing the PCRA petition. This timely appeal followed.[3]

Appellant raises one issue for our review: "Whether the [PCRA] court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that appellate counsel was ineffective for failing to consult about or timely file a petition for allowance of appeal to the Supreme Court of Pennsylvania even though Appellant specifically requested that the petition be filed?" (Appellant's Brief, at 2) (unnecessary capitalization omitted).

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017), *appeal denied*, 176 A.3d 838 (Pa. 2017) (citation omitted). "The PCRA

---

[3] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on October 24, 2017. *See* Pa.R.A.P. 1925(b). The PCRA court issued a Rule 1925(a) statement on December 7, 2017, in which it referred this Court to its September 14, 2017 memorandum and order. *See* Pa.R.A.P. 1925(a).

court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted).

"In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Subsection 9543(a)(2); one of those circumstances is the ineffective assistance of counsel." *Commonwealth v. Johnson*, 27 A.3d 244, 247 (Pa. Super. 2011) (citation omitted).

> . . . Because there is a presumption that counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. To prevail on an ineffective assistance claim, a defendant must establish (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Id.* (citations and quotation marks omitted).

Regarding the prejudice prong, our Supreme Court has noted:

> . . . [T]here have been only three circumstances under which this Court determined that counsel's conduct constituted a constructive denial of counsel warranting a presumption of prejudice . . . [including] where counsel failed to file a requested petition for allowance of appeal, thereby depriving the client of the right to seek discretionary review, *see Commonwealth v. Liebel*, 573 Pa. 375, 825 A.2d 630 (2003).

*Commonwealth v. Reed*, 971 A.2d 1216, 1225 (Pa. 2009) (some citations omitted).

In **Commonwealth v. Ellison**, 851 A.2d 977 (Pa. Super. 2004), this Court interpreted our Supreme Court's decision in **Liebel** as follows:

> In **Liebel**, **supra**, the Supreme Court held that a petitioner is no longer required to prove that the Court would have granted review had a timely PAA been filed in order to state a cognizable claim of counsel's ineffectiveness under the PCRA. The Supreme Court noted that while a defendant does not have an automatic right to an appeal in the Supreme Court, he has a right to file a PAA, "provided that appellate counsel believes that **the claims that a petitioner would raise . . . would not be completely frivolous**." 825 A.2d at 635. A defendant also has a rule-based right to counsel throughout the direct appeal process. **See id**.; Pa.R.Crim.P. 122(C)(3). The Court observed that counsel's unjustified failure to file a PAA when requested to do so "is the functional equivalent of having no representation at all on direct appeal." 825 A.2d at 635. Thus, " 'where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.' " **Id.**
>
> \*   \*   \*
>
> . . . **Liebel** eliminates the petitioner's need to prove prejudice, the third prong of an ineffectiveness claim. This means a PCRA petitioner no longer needs to show that he is innocent or that the Supreme Court would have taken the appeal or that he would have won in the Supreme Court. Prejudice is presumed.
>
> That brings us to the remaining two prongs of ineffectiveness-arguable merit and no reasonable basis. While **Liebel** does not directly address these requirements, based on our close reading of the opinion, we believe they are intertwined.
>
> **Liebel** indicates that counsel's failure to file a requested PAA amounts to ineffectiveness if his failure to file was "unjustified." 825 A.2d at 635. We believe this is the equivalent of saying counsel had no reasonable basis for failing to file a PAA. If counsel was unjustified, then the underlying claim (*i.e.,* failure to file a PAA) has arguable merit and ineffectiveness is established. If counsel's failure to file a PAA was justified, then there would be no arguable merit to the claim that counsel was ineffective for failing to do so. The two prongs are seemingly inseparable.

. . . [Under **Liebel**,] a petitioner needs to show only that the claims he would have raised in PAA are not completely frivolous, *i.e.,* have some level of merit, regardless of whether they are actually "winning" arguments.

\* \* \*

In sum, we interpret **Liebel** to mean that a PCRA petitioner no longer needs to show that he is innocent or that the Supreme Court definitely would have taken the appeal or that he would have won in the Supreme Court in order to prove counsel's ineffectiveness for failing to file a PAA. Nor does he need to demonstrate the merits of the underlying issues. **The only things a petitioner needs to show are that he asked his attorney to file a PAA and there is some chance that the Supreme Court would have taken his case, *i.e.*, his claims are not completely frivolous**.

**Ellison**, **supra** at 979-81 (some citations omitted; emphases adjusted).

Here, the record reflects that Appellant asked direct appeal counsel to file a PAA. (**See** N.T. PCRA Hearing, 8/22/17, at 9-10; Exhibits A and C to Supplemental Brief in Support of PCRA Petition, Letters from Appellant to Counsel dated 9/28/15 and 12/21/15). However, Appellant has not demonstrated that his direct appeal claim—challenging the trial court's denial of his motion to withdraw his guilty plea based on his bare assertion of innocence—rises above frivolity. **See Ellison**, **supra** at 981.

This Court has explained:

While a pre-sentence motion to withdraw is to be liberally allowed,

there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a

- 6 -

> fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291–92 (Pa. 2015).
>
> The ***Carrasquillo*** Court, breaking with prior precedent, held that **a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea**.  Instead, **"a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea**." ***Id.*** at 1292.  Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.***  In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing.

***Commonwealth v. Baez***, 169 A.3d 35, 39 (Pa. Super. 2017) (footnote and one citation omitted; case citation formatting provided; emphasis added).

Here, on direct appeal, this Court determined that Appellant's bare assertion of innocence was implausible, and that it was not a fair and just reason for withdrawing the plea.  (**See Goins**, **supra** at *4).  The Court stated that the victim's testimony at the preliminary hearing "clearly and unequivocally established Appellant's guilt[,]" and noted the Commonwealth's readiness to proceed to trial at the time of the plea.  (**Id.**).  Thus, the only claim for which Appellant now seeks review in the Pennsylvania Supreme Court is "completely frivolous." ***Ellison***, ***supra*** at 981.

Under these circumstances, where Appellant's sole allowance of appeal issue is specious, we conclude that his claim of ineffectiveness for counsel's failure to file a PAA does not merit relief. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1088-90 (Pa. Super. 2014) (applying ***Ellison*** and determining counsel was not ineffective in electing not to file requested PAA, where sole direct appeal issue was frivolous). Accordingly, we affirm the PCRA court's order denying Appellant's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/30/18