J-S33040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :         PENNSYLVANIA
   :
v.    :
   :
   :
   :
TROY GILLIS    :
   :
          Appellant    :   No. 1382 EDA 2017

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002924-2013

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:             **FILED JUNE 28, 2018**

Appellant Troy Gillis appeals from the Order entered in the Court of Common Pleas of Philadelphia County on March 20, 2017, dismissing his first petition filed under the Post Conviction Relief Act ("PCRA").[1]   In addition, appointed PCRA counsel seeks to withdraw from this appeal on the grounds that the issues raised under the PCRA are meritless. After review, we grant counsel's petition for leave to withdraw affirm the order denying PCRA relief.

A prior panel of this Court reiterated the relevant facts of this matter as previously stated by the trial court as follows:

> The evidence admitted at trial established that on January 28, 2013, Appellant fired a semi-automatic handgun at the complainant, Eric Santiago, at the corner of Luzerne and Glendale

---

[1] 42 Pa.C.S.A. §§ 9541–9546.

---

\*   Former Justice specially assigned to the Superior Court.

streets. The shooting stems from an earlier disagreement between Appellant and Mr. Santiago. Appellant sought to purchase Mr. Santiago's pit bull for dog fighting; however, Mr. Santiago was not prepared to make the sale. During their conversation, Appellant accused Mr. Santiago of using PCP and threatened him saying: "Don't disrespect me. I'll bust your fucking mouth with this gun." Throughout their argument, Appellant manipulated the gun he had in his pants pocket; the gun was making a clicking sound. The interaction lasted for approximately five to ten minutes, after which Mr. Santiago returned to his parent's [sic] house.

While there, Mr. Santiago's parents urged him to remain home and not to go back out onto the street. He did not heed this advice, and returned to Glendale Street to visit his girlfriend. As Mr. Santiago walked, he observed Appellant standing outside in all black clothing. Mr. Santiago laughed, and told Appellant that he resembled Count Dracula. Afterwards, Mr. Santiago walked to Sam's Deli located on the corner of Luzerne and Glendale. [Footnote 2] Appellant and his brother were calling out "where is 'E'?" (Mr. Santiago's nickname). Appellant and his brother approached Mr. Santiago and were standing less than three feet away from him. Appellant was holding a silver, semi-automatic pistol. Appellant grabbed Mr. Santiago around the shoulder with his left arm. As Appellant raised the gun and pointed it at Mr. Santiago, Santiago pushed the gun down, turned, and ran in the opposite direction. As he fled, Mr. Santiago heard a gunshot behind him. He immediately ran to his parent's [sic] house, where he sought refuge.

> [Footnote 2] the street address for Sam's Deli is 1344
> Luzerne Street, Philadelphia PA 19124.

Officer Maureen Burns and her partner Officer McAdams (first name not given) of the Philadelphia Police Department responded to a radio call for a gun shot at the corner of Luzerne and Glendale. Upon arrival, Officer Burns observed no victims or witnesses at the scene. She then accessed the video surveillance system at Sam's Deli. A review of the video depicted the shooting taking place on the southeast corner of Luzerne and Glendale. Officer Burns recovered a 9 millimeter fired cartridge case and located a nearby Buick minivan with a bullet hole above the wheel well. The owner of the vehicle was questioned and reported that the damage was not there when he parked the vehicle earlier in the day.

The day after the shooting, Mr. Santiago was standing outside on Luzerne Street. Appellant rode past in a car and made a gun gesture with his hand and said, "I'm going to kill you." Mr.

Santiago's parents insisted he report the shooting, against his own inclination. He was also being called a "snitch" and a "rat' by Appellant, threats Mr. Santiago took seriously as he felt such a label endangered his life. Eventually, Mr. Santiago did report the shooting to police and cooperated, positively identifying a photograph of Appellant during interviews with Detective Jeffrey Daly.

When Appellant was being taken into custody by police, he was yelling at Mr. Santiago (who was standing across the street on the steps of his girlfriend's house) "You a rat; you a rat. I'm going to blow your house up. Your girl and your kid, I'm going to kill them and blow the house up." Appellant then blew a kiss to Mr. Santiago and smiled.

Additionally, there was a stipulation to the certification from the Commissioner of the Pennsylvania State Police that on January 28, 2013 --the date of the incident—Appellant did not have a license to carry a firearm. [Footnote 3]

[Footnote 3] Admitted a Commonwealth's exhibit C-24.

*Commonwealth v. Gillis*, No. 774 EDA 2014, unpublished memorandum at 1-3 (Pa.Super. filed July 10, 2015) (citing Trial Court Opinion, filed 10/3/14, at 2-4).

A jury trial was held September 11-12, 2013, following which Appellant was convicted of aggravated assault—attempt to cause serious bodily injury, and carrying a firearm without a license in violation of the Uniform Firearms Act ("VUFA").[2] Appellant was found not guilty of attempted murder. On February 7, 2014, Appellant was sentenced to an aggregate term of ten and one-half (10 ½) years to twenty-five (25) years in prison.

Appellant filed a timely post-sentence motion, and the trial court denied the same on February 18, 2014. Appellant filed a timely appeal wherein he

_____

[2] 18 Pa.C.S.A. § 2702(a)(1), 18 Pa.C.S.A. § 6106(a)(1), respectively.

challenged the sufficiency of the evidence to sustain his convictions. This Court denied Appellant's appeal on July 10, 2015, and Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on August 9, 2015.

Appellant filed the instant, timely PCRA petition, *pro se*, on December 21, 2015, wherein he made numerous allegations of trial counsel's ineffectiveness and asserted appellate counsel had failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court against his request. The PCRA court appointed counsel who subsequently filed a petition under **Commonwealth Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) to withdraw from the collateral appeal on January 24, 2017.

After providing the proper notice pursuant to Pa.R.Crim.P. 907 on February 24, 2017, indicating the petition would be dismissed without an evidentiary hearing, and upon reviewing Appellant's response thereto, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition without a hearing on March 20, 2017. This timely appeal followed on April 19, 2017.

The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on May 22, 2017, and it appointed appellate counsel on June 26, 2017. In lieu of a concise statement, present counsel filed a statement of intent to file a brief under

***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981) on the grounds that the issues raised under the PCRA are meritless. On January 22, 2018, counsel filed his Petition to Withdraw as Counsel and corresponding ***Anders*** Brief.[3]

Prior to addressing the merits of Appellant's claims on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. ***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa.Super. 2008). This Court has listed the conditions counsel must meet when in seeking to withdraw in a collateral appeal as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [***Turner***, ***supra*** and ***Finley***, ***supra*** and] ... must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit,

---

[3] We note that counsel erroneously seeks to withdraw under the standard for withdrawal which applies when counsel seeks to withdraw from a direct appeal, instead of under the ***Turner***/***Finley***, ***supra***, standard. ***See Commonwealth v. Smith***, 700 A.2d 1301 (Pa.Super. 1997) (counsel seeking to withdraw from representation on direct appeal must satisfy the ***Anders*** requirements, whereas counsel seeking to withdraw from post-conviction representation under the PCRA must satisfy the requirements of ***Turner*** and ***Finley***; ***Commonwealth v Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders***, but under ***Turner*** and ***Finley***. However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept a brief in the nature of an ***Anders*** brief in lieu of a ***Turner/Finley*** "no merit" letter. ***Commonwealth v. Reed,*** 107 A.3d 137, 139 n. 5 (Pa.Super. 2014). We will refer to counsel's erroneously titled ***Anders/McClendon*** Brief for Appellant as a ***Turner/Finley*** brief. Appellant has not responded to the petition to withdraw as counsel, nor has he retained alternate counsel for this appeal.

and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty,*** 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

Herein, PCRA counsel indicates he communicated with Appellant concerning the instant appeal, independently and conscientiously reviewed the record, conducted legal research, and ultimately concluded that the appeal is wholly frivolous. ***See*** Petition to Withdraw as Counsel, filed 1/22/18, at ¶¶ 4-5. Counsel also lists in the ***Turner/Finley*** brief the issues Appellant wishes to raise in this appeal and explains why, in his view, they are either based upon factual inaccuracies, not supported by a preponderance of the evidence found in the record, or are unavailing under controlling law. ***See*** ***Turner/Finley*** brief at 26-44.

In addition, PCRA counsel has attached to his Petition to Withdraw as Counsel a copy of the letter he sent to Appellant wherein counsel advised Appellant of his right to proceed *pro se* or through privately-retained counsel. ***See*** Exhibit "A." Counsel also affixed a copy of his petition to withdraw and

***Turner/Finley*** brief to the letter. Thus, we conclude that counsel substantially has complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas,*** 836 A.2d 940, 947 (Pa.Super. 2003) (holding that substantial compliance with the requirements to withdraw as counsel will satisfy the ***Turner/Finley*** criteria).

We now consider the issues of arguable merit PCRA counsel presents in the ***Turner/Finley*** brief to ascertain whether they entitle Appellant to relief. Specifically, counsel states the following:

> In the *pro se* PCRA petition, [Appellant] raises the following claims regarding the ineffectiveness of his trial counsel:
>
> - Counsel failed to conduct a pretrial investigation;
>
> - Counsel failed to review all of the discovery;
>
> - Counsel failed to inform the jury that no gun was recovered from [Appellant];
>
> - Counsel failed to file a motion to suppress the surveillance video from the exterior of Sam's Deli because it is not possible to clearly identify the shooter in that video;
>
> - Counsel failed to object to the juror's being shown that video in response to their request to (re)view the video during deliberations.
>
> [Appellant] raises the following claims regarding the ineffectiveness of his direct appellate counsel:

- Counsel failed to file a petition for allocator in the Pennsylvania Supreme Court.

***Turner***/***Finley*** brief at 20.

We review these claims mindful of the following principles of law.

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

***Commonwealth v. Johnson***, 635 Pa. 665, 690, 139 A.3d 1257, 1272

(2016) (quotation marks and quotations omitted). Furthermore,

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).

It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Commonwealth v. Benner***, 147 A.3d 915, 919–20 (Pa.Super. 2016)

(quotation marks, quotations, and citations omitted).

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the

applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

*Johnson*, 635 Pa. at 665, 139 A.3d at 1272 (citations omitted).

Appellant initially asserts in his PCRA petition that trial counsel was ineffective for failing to conduct a pretrial investigation and to review all discovery; yet, Appellant fails to provide any factual or evidentiary support for these allegations. For instance, he does not detail the manner in which trial counsel's pretrial investigation had been subpar or specify what type of discovery counsel failed to review.

The Pennsylvania Supreme Court has stated, "[c]laims of ineffective assistance of counsel are not self-proving[.]" *Commonwealth v. Spotz*, 587 Pa. 1, 99, 896 A.2d 1191, 1250 (2006) (citation omitted). Our Supreme Court also repeatedly has refused to consider bald allegations of counsel's ineffectiveness. *See Commonwealth v. Thomas*, 560 Pa. 249, 256, 744 A.2d 713, 716 (2000) (declining to find counsel ineffective "where appellant fail[ed] to allege with specificity sufficient facts in support of his claim.").

In addition, as PCRA counsel states in the *Turner/Finley* brief, the record reveals trial counsel was aware of items of discovery that had been produced prior to trial. For example, trial counsel indicated he could not review the 911 calls until the day before trial because the Commonwealth had failed to provide the evidence to the defense until that time. Counsel requested that the calls be excluded from the Commonwealth's evidence at trial, and the trial court granted counsel's request due to the untimely

disclosure of the evidence. N.T. Trial, 9/11/13, at 4-11. Thus, because Appellant has failed to make sufficiently specific allegations of prejudice and the record belies his vague claims, he is not entitled to PCRA relief on his first two issues.[4]

Appellant next maintains counsel was ineffective for failing to inform the jury that Appellant did not possess a firearm at the time he was apprehended. As PCRA counsel observes in the **Turner**/**Finely** brief, a review of the record proves otherwise. During closing argument, trial counsel stressed to the jury that a police search of two homes associated with Appellant did not reveal a firearm. Counsel argued the inability of the police to find the gun, "the most obvious piece of corroboration here from the search warrants" pointed to his innocence. N.T. Trial, 9/12/13, at 33-35, 42. The prosecutor reacted to this theory in her own closing argument saying, "Just because they got into his house, and the gun wasn't there in his house five days after the shooting doesn't mean there isn't corroboration in this case." *Id*. at 56. Thus, this issue lacks merit.

_____

[4] It is noteworthy that prior to closing arguments and outside the presence of the jury, the trial court questioned Appellant regarding his decision not to testify in his own defense. At that time, the court inquired as to whether Appellant had been satisfied with trial counsel's efforts. Appellant indicated he had fully discussed his case with trial counsel and was satisfied with counsel's representation. N.T. Trial, 9/12/13, at 7-8.

In his fourth claim, Appellant asserts trial counsel was ineffective for failing to file a motion to suppress surveillance video footage of the shooting obtained from a camera positioned outside of Sam's Deli because the perpetrator could not be identified therefrom. When considering this alleged error we are mindful that the failure to file a suppression motion under some circumstances may be evidence of ineffectiveness assistance of counsel.

However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to file the same. A defendant first must establish that counsel had no reasonable basis for failing to pursue the suppression claim and that, if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable to him or her. ***Commonwealth v. Watley***, 153 A.3d 1034, 1044 (Pa.Super. 2016), *appeal denied*, ___ Pa. _____, 169 A.3d 574 (2017).

Appellant provides no authority for his position that the surveillance video, which was maintained by a private business and provided to police by the proprietor, should have been suppressed; he likewise has failed to allege that if it were, the verdict would have been more favorable to him. To the contrary, as a panel of this Court previously held, the surveillance tape "shows [A]ppellant pointing the gun in Santiago's direction when he fired." ***Commonwealth v. Gillis***, No. 774 EDA 2014, unpublished memorandum at 8 (Pa.Super. filed July 10, 2015). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact ... more probable or

less probable...." Pa.R.E. 401. As such, the video was relevant, admissible evidence and it was for the jury as fact finder to consider the images depicted thereon. Under these circumstances, a motion to suppress the video evidence was not viable, and counsel cannot be deemed ineffective for failing to file a meritless motion to suppress that evidence. *See Watley*, *supra*.

Appellant further challenges trial counsel's effectiveness for failing to object when the jury asked a second time to view the surveillance video during deliberations. When the jury initially requested an opportunity to view the video of the incident, counsel promptly objected and asked the trial court to instruct jurors to rely on their own recollection based upon the evidence that had been presented in the Commonwealth's case in chief. N.T. Trial, 9/12/13, at 86. The trial court overruled counsel's objection and permitted the jury to view the evidence in the courtroom after which the jury was dismissed to resume its deliberations a few minutes later. *Id*. at 87.

When the jury asked a second time to view the video, trial counsel renewed his objection, and the following exchange occurred:

> Defense counsel: Your Honor, just to make it clear, I have the same position with this viewing as with the first one, which is that I think they should rely on their recollection. But, obviously, since your Honor ruled on it the first time—
>
> THE COURT: Yes. It's preserved, and it's noted for the record. That's not an issue. I want to make sure that it is on the record.
>
> Defense counsel: I just didn't want it to seem like I was waiving it.

- 12 -

THE COURT: Right. Exactly.

N.T. Trial 9/12/13, at 91. Thus, Appellant's assertion to the contrary, the record clearly shows trial counsel objected to the multiple viewings of the surveillance video during jury deliberations. Accordingly, Appellant is not entitled to relief on his fifth claim of trial counsel's ineffectiveness.

Finally, Appellant asserts direct appeal counsel was ineffective for failing to file his requested appeal with the Pennsylvania Supreme Court. In considering this claim, we are mindful that, generally, a defendant has a rule based right to effective counsel throughout his direct appeal. Pa.R.Crim.P. 122(B)(2); **Commonwealth v. Liebel**, 573 Pa. 375, 381, 825 A.2d 630, 633 (2003).

While an appeal to the Supreme Court is a matter of judicial discretion and not a matter of right, **see** Pa.R.A.P. 1114(a), a defendant can establish prejudice for counsel's failure to seek allowance of appeal in certain circumstances, for after this Court renders a decision, a defendant has a right to effective consultation regarding the filing of a petition for allowance of appeal with the Pennsylvania Supreme Court and failure to receive said consultation would result in prejudice. **See Commonwealth v. Gadsden**, 832 A.2d 1082, 1088 (Pa.Super. 2003). Additionally, if a defendant requests counsel to file a petition for allowance of appeal on his behalf, he or she has a right to effective representation, and it is *per se* ineffective assistance for

counsel to fail to file that petition. ***See Commonwealth v. Reed***, 601 Pa. 257, 272-73, 971 A.2d 1216, 1225 (2009).

Where the record is devoid of a defendant's request for review before our Supreme Court, he still may have a cognizable claim under the PCRA if he proves any issues he sought to take to the Supreme Court "rose 'above frivolity.'" ***Commonwealth v. Rigg***, 84 A.3d 1080, 1088 (Pa.Super. 2014) (quoting ***Commonwealth v. Bath***, 907 A.2d 619, 624 (Pa.Super. 2006)); ***see also Gadsden***, 832 A.2d at 1085–86 (citing ***Commonwealth v. Liebel***, 825 A.2d 630 (Pa. 2003)).  Relevant to our analysis herein, in ***Bath***, we stated that:

> Where no request [to file a petition for allowance of appeal] has been made, an appellant must establish that a duty to consult was owed. Under ***Roe*** and [***Commonwealth v.***] ***Touw***, [781 A.2d 1250 (Pa.Super. 2001)] an appellant may establish a duty to consult by indicating issues that had any potential merit for further review. ***See Roe***, 528 U.S. at 480, 120 S.Ct. 1029; ***Touw***, 781 A.2d at 1254. This does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that appellant must show that any issue rises above frivolity. Bath has not even attempted this minimal undertaking. Bath challenged the sufficiency of the evidence on direct appeal and several other issues that were deemed waived for failure to preserve them at trial. Appealing such issues further appears manifestly frivolous. It was incumbent upon Bath to demonstrate to this Court why that was not the case. Bath has offered no argument in support of any of the issues raised on direct appeal. Therefore, we find that Bath has not met his burden of showing how he was prejudiced by counsel's failure to consult with him regarding a petition for allowance of appeal. In the absence of prejudice, we cannot find that counsel was ineffective. ***See Commonwealth v. Mallory***, 888 A.2d 854, 862 (Pa.Super.2005).

***Commonwealth v. Bath***, 907 A.2d 619, 623–24 (Pa.Super. 2006).

- 14 -

Herein, other than his bald allegation, the record lacks any evidence that Appellant asked direct appeal counsel to file a petition for allowance of appeal with the Pennsylvania Supreme Court; therefore, Appellant must establish that a duty to consult was owed. However, Appellant neither states what issue(s) he would have sought to pursue nor attempts to prove any claim would have risen above frivolity. Specifically, Appellant never suggests how his challenge to the sufficiency of the evidence to support his conviction of aggravated assault which he presented and this Court found lacked merit on direct appeal would not be considered frivolous upon further appeal. **See Bath; see also Commonwealth v. Rigg**, 84 A.3d at 1088-90 (applying **Commonwealth v. Ellison** 851 A.2d 977 (Pa.Super. 2004) and determining counsel was not ineffective in electing not to file requested PAA, where sole direct appeal issue was frivolous).

As such, we find Appellant has failed to meet the prejudice prong of the test for ineffective assistance of counsel for his failure to how his sufficiency of the evidence challenge would rise above mere frivolity upon further review. Accordingly, we cannot find that counsel was ineffective.

Furthermore, our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition reveals no non-frivolous issues of arguable merit. We, therefore, grant counsel's Petition to Withdraw and affirm the PCRA court's order dismissing Appellant's petition.

Petition to Withdraw as Counsel granted. Order affirmed.

- 15 -

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/28/18</u>