J-S14041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY G. MCWHORTER | : | |
| | : | |
| Appellant | : | No. 966 EDA 2018 |

Appeal from the PCRA Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0715901-1982

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED APRIL 05, 2019**

Gary G. McWhorter appeals *pro se* from the order dismissing his second Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  This matter relates to **Commonwealth v. McWhorter**, 1895 EDA 2016, 2017 WL 4535678 (Pa. Super. 2017) (unpublished memorandum), which affirmed the dismissal of McWhorter's first PCRA petition as untimely.  McWhorter then filed the instant PCRA petition, alleging as a newly-discovered fact that counsel failed to consult with him concerning further review of **McWhorter**.  We vacate and remand for further proceedings.

**I.**

The factual history is not relevant to our resolution and we adopt the recitation set forth in **McWhorter**.

> In 1983, a jury convicted Appellant, Gary McWhorter, of first-degree murder and possession of an instrument of crime, arising from allegations that he had shot and killed John Baker.  The

_____
* Retired Senior Judge assigned to the Superior Court.

Commonwealth's primary witness at trial was Regina Smith, who testified that she was sitting next to Baker at a bar when McWhorter walked up behind Baker and shot him. Defense counsel impeached Smith with prior statements where she had claimed she was unsure of the shooter's identity. Smith also recanted her testimony after the trial.

*Id*. at *1. McWhorter had sought PCRA relief based on the newly-discovered fact that Eric Jackson met Smith in the aftermath of the shooting where Smith allegedly said that she did not know who shot Baker. Further, McWhorter alleged Jackson told Smith to implicate McWhorter as the shooter. Since he did not previously seek PCRA relief, McWhorter was appointed counsel who prepared an amended petition.

McWhorter was still required to establish that one of the exceptions to the PCRA's one-year time bar applied[1] and we concluded that he failed to do so. The only thing McWhorter established was that Jackson was another source for the previously-litigated issue surrounding Smith's testimony, as she testified at a post-trial hearing that she was unsure who shot the victim and partially recanted her testimony. "The fact appellant discovered yet another conduit for the same claim of perjury does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." *Id*. at *2 (quoting *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1269 (Pa. 2008)).

---

[1] Section 9545(b) requires that a PCRA petition has to be filed within one year of the date the judgment becomes final, "unless the petition alleges and the petitioner proves" that one of the timeliness exceptions applies. 42 Pa.C.S. § 9545(b). A petitioner has the burden to plead and prove the applicability of the timeliness exceptions. *Commonwealth v. Pursell*, 749 A.2d 911, 914 (Pa. 2000).

On October 11, 2017, we issued our decision denying his PCRA claim and no further action was taken.

**II.**

On January 3, 2018, McWhorter filed the PCRA petition at issue here, alleging that his counsel failed to inform him of our decision thereby depriving him of the ability to seek further review through a Petition for Allowance of Appeal (PAA) with our Supreme Court. McWhorter contends that the lack of consultation qualified as an exception to the PCRA's one-year time bar; specifically, the newly-discovered fact exception codified at 42 Pa.C.S. § 9545(b)(1)(ii) ("the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). The petition must be filed within sixty days "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (former).[2] The petitioner must exercise due diligence in discovering the pertinent fact. **Commonwealth v. Smith**, 35 A.3d 766, 771 (Pa. Super. 2011).

McWhorter alleged the petition satisfied the newly-discovered fact exception as discussed in **Commonwealth v. Bennett**, 930 A.2d 1264, 1266 (Pa. 2007), which held that attorney abandonment—in that case, the failure

---

[2] Effective December 24, 2018, § 9545(b)(2) states that any petition invoking an exception must be filed within one year of the date the claim could have been presented. The amendment applies only to claims arising on or after December 24, 2017.

to file a brief—can satisfy the exception. McWhorter stated that his family hired an attorney to appeal the dismissal of the PCRA petition and new counsel ceased contact after he filed the brief in January of 2017.[3] On November 27, 2017, McWhorter asked his girlfriend to look up his case online. She informed him of our disposition and McWhorter then wrote to the prothonotary to confirm, who sent him a copy of the docketing sheet on December 11, 2017.

The PCRA court issued a notice of its intent to dismiss the petition and McWhorter responded. The PCRA court then dismissed the petition and its opinion supplies two reasons in support of its order. First, the PCRA court determined that McWhorter failed to sufficiently support his claim that counsel abandoned him. Second, the claim would fail on the merits as **Bennett** is distinguishable.

---

[3] Counsel was appointed to represent McWhorter at the PCRA court level. **See** Amended PCRA Petition, 7/10/15, at 1 ("[P]resent counsel was appointed to represent the petitioner.").

McWhorter now appeals, alleging that the PCRA court improperly dismissed his petition.[4] He argues that the court should have held an evidentiary hearing.[5] We agree.

**III.**

As we find that the PCRA court misapprehended the nature of McWhorter's underlying claim, we begin by setting forth the law applicable to counsel's duties in filing a PAA.[6]

_____

[4] "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted). At issue here is the timeliness of the PCRA petition, which is a jurisdictional requisite that must be met before the merits are examined. **Commonwealth v. Ballance**, --- A.3d ----, 2019 WL 440987 (Pa. Super. Feb. 5, 2019). "In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition." **Id**. (emphasis in original).

[5] Specifically, his brief raises the following point of error:

> The PCRA Court violated . . . Pa.R.Crim.P. 907 by summarily dismissing appellant's petition for Post Conviction relief without an evidentiary hearing, where there was a genuine issue of material fact as to whether counsel['s] failure to inform appellant of the decision issued by the Superior Court of Pennsylvania, which affirmed appellant's appeal[,] constituted ineffective assistance [of] counsel.

McWhorter's brief at 4.

[6] As discussed in the text _infra_, we are cognizant of our Supreme Court's instructions that a merits analysis has no place at the jurisdictional stage. Here, discussion of the underlying claim is necessary with respect to the PCRA court's conclusion that McWhorter failed to trigger jurisdiction.

In *Roe v. Flores–Ortega*, 528 U.S. 470 (2000), the United States Supreme Court addressed what an attorney must do during the direct appeal process when the defendant has not clearly conveyed one way or the other whether he wishes to appeal. *Id*. The Court declined to impose a *per se* duty to file a notice of appeal and/or to consult the defendant. "We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id*. at 479 (emphasis in original). A reviewing court is first required to ask whether consultation occurred; if not, the court asks "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. at 479.

Precedents have extended the *Flores-Ortega* analysis to failures to seek discretionary review with our Supreme Court, although what is required of counsel largely depends on what instructions the client has given. In *Commonwealth v. Liebel*, 825 A.2d 630, 631 (Pa. 2003), this Court had denied Liebel's direct appeal and his attorney sent a letter stating "We have thirty days to file a [PAA] with the Pennsylvania Supreme Court. I will do so." *Id*. But the petition was never filed and Liebel subsequently sought, in a timely PCRA filing, reinstatement of his right to file a PAA. This Court held that Liebel failed to establish prejudice because he failed to demonstrate that our Supreme Court would have granted review had the petition been filed. Our Supreme Court disagreed though, holding that the right at issue is not

- 6 -

the right to review but rather the right to **file** a petition. ***Liebel*** additionally observed that a prejudice inquiry incorporating an assessment of whether the High Court would have granted the petition was in practice impossible to meet, as "[a] petitioner simply cannot be expected to speculate on the internal operations and decisions of this Court." ***Id***. at 636 n.10.

It was unclear in ***Liebel*** if the attorney's promise to file was based an independent decision to seek further review or if the client previously instructed the attorney to seek that review. In ***Commonwealth v. Ellison***, 851 A.2d 977 (Pa. Super. 2004), we interpreted ***Liebel*** to mean that an attorney may, in some circumstances, decline to file a PAA even if the client instructed the client to seek that review. We held that the two remaining prongs of the ineffectiveness test, *i.e.*, whether the claim has arguable merit and whether the attorney had a reasonable strategic reason for declining to file the PAA, overlapped. "If counsel was unjustified, then the underlying claim (*i.e.,* failure to file a PAA) has arguable merit and ineffectiveness is established. If counsel's failure to file a PAA was justified, then there would be no arguable merit to the claim that counsel was ineffective for failing to do so." ***Id***. at 980. ***Ellison*** held a petitioner is entitled to relief upon a showing "that the claims he would have raised in [the] PAA are not completely frivolous, *i.e.,* have *some* level of merit, regardless of whether they are actually 'winning' arguments." ***Id.*** at 980–81 (emphasis in original).

Finally, in **Commonwealth v. Bath**, 907 A.2d 619 (Pa. Super. 2006), we discussed the scenario at issue in this proceeding: the client has not asked the attorney to file a PAA, and the attorney fails to consult with the client regarding any further steps. **Bath** stated:

> Where no request has been made, an appellant must establish that a duty to consult was owed. Under **Roe** . . . an appellant may establish a duty to consult by indicating issues that had any potential merit for further review. This does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that appellant must show that any issue rises above frivolity.

*Id*. at 623–24 (citations omitted).

## IV.

We now address the PCRA court's first justification for dismissing the petition, that McWhorter failed to adequately plead the time-bar exception. The PCRA court apparently determined that the relevant date for the sixty-day window was October 11, 2017, the day we issued our memorandum. PCRA Court Opinion, 3/1/2018, at 6 (noting that McWhorter did not contact his girlfriend until "November 27, 2017, forty-seven days after the Superior Court issued its opinion"). The Commonwealth likewise starts the clock on that date. "[McWhorter] failed to . . . prove that this Court's October 11, 2017 affirmance was a 'new fact' that he could not have ascertained sooner through the exercise of due diligence." Commonwealth's brief at 14.

At the outset, we find that the relevant date for timeliness purposes is not October 11, 2017, but rather November 11, 2017, the day that any

- 8 -

opportunity for seeking further review expired. That is the first date that McWhorter could have definitively known that his attorney had no intention of seeking review or discussing further steps. Because McWhorter's filing, docketed January 3, 2018, is within sixty days of when the claim arose,[7] there was no need for him to demonstrate any due diligence.

Next, the PCRA court misapprehended an attorney's duties in this situation. The opinion faults McWhorter for failing to reach out to counsel. "Furthermore, the Petitioner fails to attach any records of correspondence he had with PCRA counsel demonstrating that he attempted to contact him." PCRA Court Opinion, 3/1/2018, at 7. This inverts the responsibilities. The legal claim is an ineffective failure to consult, not an ineffective response to inquiries regarding the status of the appeal.[8]

_____

[7] McWhorter did not specifically note a particular date in his pleading. We are to liberally construe materials filed by *pro se* litigants. **See Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). McWhorter specifically stated that counsel abandoned him by failing to consult. "Petitioner was never afford[ed] an opportunity to confer with counsel about if he would like to file an allowance of appeal to the Pennsylvania Supreme Court, because counsel abandoned Petitioner on appeal." Memorandum of law supporting PCRA petition, 1/3/18, at 4.

[8] To the extent the Commonwealth and the PCRA court jointly fault McWhorter for failing to adequately plead the claim with a supporting affidavit, we find that his own representations are enough in light of the underlying legal claim. Moreover, the notice of intent to dismiss did not alert McWhorter to any of these purported defects as a basis for dismissing the petition. **See** Pa.R.Crim.P. 907(1) (the notice "shall state in the notice the reasons for the dismissal").

**V.**

Having concluded that the PCRA court erred in its analysis of the time-bar exception, we now review its alternative conclusion that McWhorter would not be entitled to relief:

> The instant matter is easily distinguishable from **Bennett**. Unlike appellate counsel in that matter, here the Petitioner's attorney filed a brief on the Petitioner's behalf and the Superior Court ruled on Petitioner's claims. The record further indicates that PCRA counsel was privately retained for the purposes of filing a direct appeal. The Petitioner fails to allege that he retained counsel for the purposes of filing a direct appeal. The Petitioner cannot claim that he was abandoned under these facts.

PCRA Court Opinion, 3/1/2018, at 8.

This is a merits-based analysis which our Supreme Court has reiterated is inappropriate at this stage of the proceedings. We examined those precedents in **Commonwealth v. Robinson**, 185 A.3d 1055 (Pa. Super. 2018) (*en banc*), which addressed a PCRA petition filed over thirty years after judgment of sentence became final. Robinson pleaded guilty in 1983 and in 1994 his trial counsel was convicted of federal drug trafficking offenses. Robinson retrieved a copy of the plea transcript in 2015, which indicated that counsel had been using drugs in 1983. Robinson filed a PCRA petition, seeking to establish that his counsel was under the influence of cocaine at the time he advised Robinson. The PCRA court addressed the merits of the claim, which we held was erroneous:

> [W]hile there is a natural interplay between 42 Pa.C.S. § 9545(b)(1)(ii)—which serves to create jurisdiction for the PCRA court to entertain an otherwise untimely PCRA petition—and the merits of any claim that could be raised under the petition once

jurisdiction is actually conferred, **Bennett**, as reiterated by [**Commonwealth v. Cox**, 146 A.3d 221 (Pa. 2016)], warns against any analysis of the substantive claim. **Cox** noted that a merits analysis is permissible only upon a finding of jurisdiction: "Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar), **the relevant inquiry becomes** whether the claim is cognizable under the PCRA." **Cox**, **supra** at 227–28 (emphasis added). Moreover, **Cox** does not limit that admonishment to petitions seeking to raise a claim based on newly-discovered evidence. **Id**. at 230 ("In such cases, **after** concluding that the petition satisfied the section 9545(b)(1)(ii) timeliness exception, the PCRA court would not proceed to a section 9543(a)(2)(vi) analysis.") (emphasis added).

**Id**. at 1061.

Pursuant to these principles, we find that the PCRA court erroneously analyzed the merits of the claim. Unlike **Robinson**, McWhorter presented his petition in a timely fashion. Hence, a consideration of the merits was premature and we must vacate the order and remand for further proceedings.[9]

We emphasize that our disposition does not mean McWhorter has a valid merits-based claim that he was unlawfully denied his right to file a PAA. We simply hold that the pertinent precedents bar consideration of the merits at this juncture.

---

[9] We emphasize that we do not find that McWhorter actually established jurisdiction. For example, at the evidentiary hearing his counsel may testify that he did, in fact, consult McWhorter about filing a PAA. If so, and if the PCRA court found that testimony credible, then no jurisdiction lies.

Additionally, we note that the record indicates appointed counsel from the prior PCRA proceedings did not formally withdraw upon private counsel's appearance. *See* Pa.R.Crim.P. 120(B).[10] Because an evidentiary hearing was not held, it is unclear if retained counsel's contractual obligations ceased upon filing of the brief. We, therefore, remand for a hearing to determine whether counsel failed to consult with McWhorter regarding filing a PAA if that was so required by his retainer agreement.[11]

In the event the retainer agreement did not cover subsequent proceedings, we further direct the PCRA court to determine if (1) private counsel informed McWhorter of his rights to counsel upon cessation of his duties, and, if not, (2) whether McWhorter was entitled to appointment of counsel at that juncture.

Order vacated. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[10] The present circumstances are surely atypical as McWhorter was granted *in forma pauperis* status during the first PCRA proceeding, was able to hire private counsel, and then again received *in forma pauperis* status for purposes of filing this appeal.

[11] Additionally, the PCRA court's jurisdictional error may have factored into its decision not to appoint counsel as obliquely requested by McWhorter*. See* Memorandum of law supporting PCRA petition, 1/3/18, at 5 (stating that he could not hire a particular attorney "d[ue] to Petitioner['s] financial situation. [Counsel] . . . suggested that if the Court would appoint him he would gladly accept[.]"). Nothing prevents McWhorter from renewing his request upon remand, and the Rules of Criminal Procedure applicable to PCRA proceedings state that "The judge shall appoint counsel to represent a defendant whenever the interests of justice require it." Pa.R.Crim.P. 904(E).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/19