J-S05037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MUNIR PANKERY | : | |
| | : | |
| Appellant | : | No. 1619 EDA 2020 |

Appeal from the PCRA Order Entered August 3, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004331-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MUNIR PANKERY | : | |
| | : | |
| Appellant | : | No. 1620 EDA 2020 |

Appeal from the PCRA Order Entered August 3, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004332-2014

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 15, 2021**

Munir Pankery[1] appeals from the order denying his Post Conviction Relief

Act ("PCRA")[2] petition. Pankery's counsel has filed a motion to withdraw and

---

[1] According to the PCRA court, the appellant's last name is "Pankey." ***See***
PCRA Ct. Op., 11/20/20, at 1 n.1 (citing N.T., 3/7/16, at 5-6). However,
Pankery testified at the PCRA hearing that his name is "Munir Pankery, P-A-
N-K-E-R-Y." N.T., 11/26/18, at 9.

[2] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

an **Anders**[3] Brief, to which Pankery has filed a *pro se* response. We find Pankery's direct appeal counsel was ineffective *per se* for failing to comply with Pankery's request to file a petition for allowance of appeal ("PAA") to the Supreme Court of Pennsylvania. We reverse the order of the PCRA court denying Pankery's request to have his PAA rights reinstated *nunc pro tunc*. We furthermore deny the motion to withdraw.

> We previously summarized the pertinent facts as follows:
>
> Briefly, on December 28, 2013, shortly following reports of an armed robbery outside of the Studio 7 Bar in Philadelphia, police responded to a shooting near the same location. Upon arriving, the police found a forty-two-year-old victim, Anthony Hinds, deceased on the ground. The next day, the police were called to the scene of a double shooting at a Chinese restaurant, located a few doors down from the Studio 7 Bar. One of the victims, Corey Wright, had been shot from a close range five times, thrice in the head, once in the back and once in the chest. Unlike Mr. Hinds, however, Mr. Wright survived the shooting.

*Commonwealth v. Pankery*, No. 946 EDA 2016, 2017 WL 5713547, unpublished memorandum at *1 (Pa.Super. 2017). The Commonwealth charged Pankery with murder, attempted murder, and related crimes. Prior to trial, Wright passed away.

The parties filed several pre-trial motions. Pankery moved to suppress the statements he gave to the police following his arrest. In one of the statements, Pankery told the police that he had given his gun to Wright so that Wright could rob Hinds, and that he had heard Wright demanding money

---

[3] **Anders v. California**, 386 U.S. 738 (1967).

from Hinds just before Wright shot him. Pankery argued he had made the statements involuntarily while experiencing drug withdrawal and presented the testimony of an expert in toxicology and substance abuse.

Pankery also moved to prevent the Commonwealth from introducing Wright's preliminary hearing testimony. Pankery argued he had not had a fair opportunity to cross-examine Wright at the preliminary hearing, because the Commonwealth had not timely provided him with video surveillance footage that contradicted Wright's testimony. Pankery argued that Wright had testified that he was at the bar at the time of Hind's murder, but the surveillance video showed that he had left the bar prior to the murder, giving Pankery grounds to impeach Wright and lending support to Pankery's allegations that Wright had been the one to murder Hinds.

The Commonwealth moved for the admission of the testimony of Kamar Johnson, who would testify that Pankery had robbed him earlier on the evening that Hinds was shot, outside of the same bar. The Commonwealth argued this prior-bad-acts evidence was admissible under Pa.R.E. 404(b) and the *res gestae* exception.

The court ruled in favor of the Commonwealth on all three motions. Following trial, the jury acquitted Pankery of the first-degree murder of Hinds, but convicted him of second-degree murder, the attempted murder of Wright, and related crimes. The trial court imposed a mandatory sentence of life imprisonment for second-degree murder and an aggregate, consecutive sentence of 20-40 years' imprisonment on the remaining convictions.

Pankery appealed, raising three issues, each related to the court's ruling on pretrial motions: (1) the denial of his motion to suppress, (2) the admission of Wright's preliminary hearing testimony, and (3) the admission of Johnson's testimony. We found no merit to these issues and affirmed the judgment of sentence on November 28, 2017. Pankery did not file a PAA to the Supreme Court of Pennsylvania.

Pankery filed a timely PCRA petition, *pro se*, on February 28, 2018, asserting that his direct appeal counsel had been ineffective for failing to file a PAA to the Pennsylvania Supreme Court. Pankery claimed he had requested that direct appeal counsel file the petition and direct appeal counsel had refused to do so. The PCRA court appointed PCRA counsel, who filed an amended petition raising the same claim, and adding a claim that "appellate counsel did not consult with [Pankery] in a timely fashion, thus leaving little or no time to file a timely [PAA]." Amended Post Conviction Relief Act Petition, 7/19/18, at ¶ 13(b).

The court held an evidentiary hearing in November 2018. Pankery's direct appeal counsel testified that although Pankery had asked him to file a PAA, counsel had not done so because "[n]one of the issues that were raised in the direct appeal fit within the seven rules regarding whether or not you

can file allocatur." N.T., 11/26/18, at 19.[4] Direct appeal counsel stated Pankery had called him, and he had advised Pankery via telephone,

> I will not file allocatur because you don't have an automatic right to allocator. I'm not retained to go further on allocatur, and these are the seven reasons. I read them off to him, and I said, "Your request to file allocatur, there is no reason that falls within the seven, and so therefore I will not file allocatur."

*Id.* at 18. Direct appeal counsel explained, "Anybody has an automatic right to file a direct appeal where you can raise any issue that you want. However, when it comes to allocatur, it's very clear that your issue has to fall within one of those seven issues that you can raise on allocatur." *Id.* at 19. Direct appeal counsel elaborated that he believed that filing a PAA would be frivolous, because (1) none of the issues raised on direct appeal fell within the "seven rules," and (2) this Court had relied on the trial court's written opinion when affirming Pankery's judgment of sentence. *Id.* at 19-20.

Direct appeal counsel testified he consulted with Pankery on the telephone "the day before or a few days [before]" he sent him a letter memorializing the telephone conversation. *Id.* at 24. The letter was dated December 27, 2017, and counsel acknowledged that as this Court affirmed Pankery's judgment of sentence on November 28, 2017, Pankery would not have received the letter until after the filing deadline. *Id.* at 31-32. Counsel testified that he never advised Pankery to seek court-appointed counsel but

---

[4] *See* Pa.R.A.P. 1114 (stating review of a final order of the Superior Court is not a matter of right and listing seven reasons for which a petition for allowance of appeal may be granted).

was "pretty sure" he had advised Pankery, "You may want to call other lawyers." *Id.* at 30-31.

With leave of court, PCRA counsel filed a supplemental amended petition raising three additional claims. The PCRA court issued Rule 907 notice of its intent to dismiss the petition without holding a hearing regarding the new claims and to deny relief on Pankery's initial claims regarding the PAA. Pankery filed a 15-page *pro se* response raising several claims of PCRA counsel ineffectiveness, including PCRA counsel's failure to adequately present Pankery's claims and failure to present additional claims. PCRA counsel passed away, and the PCRA court appointed new counsel. The court dismissed the petition without addressing Pankery's *pro se* response. Pankery appealed.

As stated above, PCRA counsel has filed a petition to withdraw and an *Anders* Brief. Counsel wishing to withdraw from representation on collateral review is required to file a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Although counsel filed an *Anders* brief rather than a *Turner/Finley* no-merit letter, we may accept the filing if it provides the required protections. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). Counsel must "(1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019). Counsel is required to send a copy of the brief and

withdraw motion to the petitioner and advise the petitioner of the right to proceed *pro se* or through new counsel. ***Id.***

If we determine counsel has complied with the ***Turner/Finley*** requirements, we turn to our own review as to whether any non-frivolous issues exist for appeal. ***Id.*** We review the PCRA court's denial of relief to determine whether the court's decision is supported by the record and free of legal error. ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa.Super. 2018). We give deference to the PCRA court's factual conclusions but review the PCRA court's legal conclusions *de novo*. ***Id.***; ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa.Super. 2012).

In the brief before us, counsel summarizes the factual and procedural history of the case, and states he reviewed the trial transcript and spoke with trial counsel. Counsel outlines six issues Pankery raised in his PCRA petitions and explains why he believes none of the issues are non-frivolous. Counsel also filed a letter he sent to Pankery, informing him he may retain new counsel or proceed *pro se* and raise any additional points before this Court, and stating he was providing Pankery with a copy of the brief.

However, PCRA counsel does not address any of the additional claims Pankery raised in his *pro se* response to the PCRA court's Rule 907 notice of its intent to dismiss, in which Pankery alleged the ineffective assistance of his prior PCRA counsel. In addition, as explained below, we conclude that at least one of Pankery's issues has merit. We therefore deny counsel's request to withdraw.

We address only Pankery's claim that his direct appeal counsel was ineffective for failing to comply with his request to file a PAA, as it is dispositive. In his *pro se* response to counsel's brief and motion to withdraw, Pankery argues,

> The issue is this counsel knew I wanted to file [a PAA]. If he didn't want to file the appeal[,] he should have filed a notice of withdrawal and allowed me to continue with other counsel whether paid or court appointed, or I could have filed a *pro se* petition. But counsel['s] abandonment didn't afford me the chance to do any of the above.

Pankery's Response to **Anders** Br. at 7 (unpaginated).

The PCRA court found no merit to this claim. **See** PCRA Ct. Op. at 8. The court determined direct appeal counsel's testimony on the subject was credible, and that Pankery had failed to prove that any of the issues he raised on direct appeal fell into the categories listed in Pa.R.A.P. 1114 for granting a PAA. **Id.** at 9-10. The court therefore concluded a PAA "would have had no chance of success had counsel filed one." **Id.** at 10. The PCRA court also found that direct appeal counsel had timely advised Pankery that he would not be filing the petition, and that even if he had failed to timely consult with Pankery, Pankery "would only be entitled to relief if the filing of a [petition] would not have been frivolous," which Pankery had failed to prove. **Id.**

In denying Pankery relief, the PCRA court misapplied the law. A PCRA petitioner claiming counsel was ineffective for failing to file a requested PAA does not have to show that the Supreme Court would have granted review if the petition had been filed. A criminal defendant has a rule-based right to

counsel throughout the entirety of direct appeal proceedings, including seeking review in the Pennsylvania Supreme Court. Pa.R.Crim.P. 122(B)(2) & Comment; *Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003). Counsel's failure to file a requested PAA constitutes a constructive denial of counsel and ineffective assistance *per se*. *Liebel*, 825 A.2d at 635-36.[5] Requiring a petitioner to prove that the Court would have accepted the appeal would as a practical matter prove to be an impossible burden, as a "petitioner simply cannot be expected to speculate on the internal operations and decisions of" the Supreme Court. *Id.* at 636 n.10. Rather, counsel is ineffective for not filing a requested PAA if the petitioner shows that the claims that would have been the subject of the PAA are "not completely frivolous." *Commonwealth v. Ellison*, 851 A.2d 977, 980-81 (Pa.Super. 2004).

Here, the first prong under *Liebel* and *Ellison* is met because direct appeal counsel acknowledged that Pankery asked him to file a PAA. *See* N.T. at 19, 27-28. Regarding the second prong, counsel testified that he refused to do so because he believed the Supreme Court would deny the petition and Pankery would not prevail on the merits because this Court had adopted the trial court opinion when affirming the judgment of sentence. The PCRA court similarly relied on the fact that the Supreme Court would not have granted review.

---

[5] *See also Commonwealth v. Reed*, 971 A.2d 1216, 1225 (Pa. 2009); *Commonwealth v. Reaves*, 923 A.2d 1119, 1125 (Pa. 2007).

The rejection of this claim on the ground that the Supreme Court would not have granted review is faulty. Rather, the question is whether the claims that would have been the subject of the PAA are "not completely frivolous." *Ellison*, 851 A.2d at 981. On direct appeal, Pankery's Pa.R.A.P. 1925(b) statement listed three issues:

> 1. The trial court erred in granting the Commonwealth's [Rule] 404(b) motion and allowing evidence of a robbery, which was not consolidated, to be admitted into evidence to show "*res gestae*" of the case and investigation.

> 2. The trial court erred in denying [Appellant's] motion to suppress statements based on involuntariness. This occurred after Appellant testified that he was going through withdrawal, an expert on toxicology testified on the effects of withdrawal, and evidence of treatment, for withdrawal, immediately upon admission to the prison took place.

> 3. The trial court erred by denying Appellant's motion to preclude the preliminary hearing testimony of Corey Wright. Appellant did not have a full and fair opportunity to cross examine Mr. Wright regarding video evidence, that was only passed to defense counsel after the preliminary hearing, which would [sic] substantially impeached his preliminary hearing testimony and statements to police.

*Commonwealth v. Pankery*, No. 946 EDA 2016, 2017 WL 5713547, at *3 (Pa.Super. filed Nov. 28, 2017).

We concluded that these issues lacked merit and affirmed. *Id.* at *4. We did not find the issues frivolous and we do not now believe that a PAA based on any or all of them would be "completely frivolous." That we affirmed on the basis of the trial court's opinion is not a demonstration of frivolousness.

It is merely evidence that we determined that the trial court aptly and properly disposed of the issues.

We reverse the order of the PCRA court denying relief, and remand for the reinstatement of Pankery's right to file a PAA *nunc pro tunc*. This is without prejudice to Pankery's right to re-raise his other claims in a timely PCRA petition following the disposition of his PAA and any ensuing proceedings.

Order reversed. Case remanded for the reinstatement of right to file a petition for allowance of appeal *nunc pro tunc*. Motion to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2021