J-S41032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT ZAMICHIELI | : | |
| | : | |
| Appellant | : | No. 1049 MDA 2022 |

Appeal from the PCRA Order Entered July 25, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000418-2017

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JANUARY 6, 2023**

Appellant, Lamont Zamichieli, appeals *pro se* from the order entered in the Court of Common Pleas of Huntingdon County dismissing his first timely petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, without an evidentiary hearing. Appellant leveled numerous claims of court error and ineffective assistance of counsel in his PCRA petition, including the claim that direct appeal counsel was ineffective in failing to file a requested petition for allowance of appeal to the Pennsylvania Supreme Court after this Court affirmed his judgment of sentence. The PCRA court dismissed Appellant's PCRA petition without making relevant factual findings.

_____

[*] Former Justice specially assigned to the Superior Court.

After a careful review, we vacate the PCRA court's order and remand for further proceedings consistent with this decision.

The relevant facts and procedural history are as follows:

The record reflects that in April of 2017, while Appellant was incarcerated at the State Correctional Institution ("SCI") at Huntingdon on unrelated charges, he mailed two letters to two individuals outside of the institution. N.T., Trial, 3/18/19, at 33, 44, 51, and 129. One of the letters was delivered to its intended victim; the other letter was marked undeliverable and returned to the SCI. *Id.* at 44, 57, and 91. The letters were sexually explicit, and DNA testing confirmed that both letters were stained with Appellant's seminal fluid. *Id.* at 131. In the letters, Appellant directed the recipients to lick hand-drawn hearts on the paper; testing revealed that these hearts were smeared with semen. *Id.* at 144-45.

Appellant was charged with two counts each of aggravated harassment by prisoner, indecent assault, and harassment. [18 Pa.C.S.A. §§ 2703.1, 3126(a)(1), and 2709(a)(4).] [On March 18, 2019,] [t]he case proceeded to a jury trial[, at which Appellant was represented by Christopher B. Wencker, Esquire]. Before the jury entered the courtroom on the day trial began, Appellant became argumentative with the trial court. N.T., Trial, 3/18/19, at 7. The judge warned Appellant that if he continued to engage in disruptive behavior, he would be removed from the courtroom, and the trial would proceed without him. *Id.* Despite this warning, Appellant began pounding his head on the counsel table and rendered himself unconscious. *Id.* at 9. After Appellant injured himself, he was removed from the courtroom and returned to the prison during this one-day trial. *Id.* After Appellant was removed, the jury entered the courtroom, and Appellant was tried *in absentia*. *Id.* at 9-11. At the conclusion of the one-day trial, the jury found Appellant guilty of two counts of aggravated harassment by prisoner, one count of indecent assault, and one count of harassment. *Id.* at 195.

On May 9, 2019, the trial court sentenced Appellant to an aggregate of fifty-four to 168 months of incarceration. N.T., Sentencing, 5/9/19, at 9. On May 14, 2019, Appellant filed a timely appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

*Commonwealth v. Zamichieli*, 225 A.3d 1177, No. 794 MDA 2019, at \*1-3 (Pa.Super. filed 12/20/19) (unpublished memorandum) (footnote and citation omitted).

On direct appeal, Appellant contended the evidence was insufficient to sustain his convictions, the trial court improperly excluded Appellant from trial, and the trial court erred in requiring Appellant to attend his sentencing hearing via video conference as opposed to in person. Finding no merit to Appellant's claims, we affirmed his judgment of sentence on December 20, 2019. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 25, 2020, [Appellant] filed [a]…timely *pro se* PCRA Petition alleging, *inter alia*, ineffective assistance of counsel. The following day, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss [Appellant's] PCRA Petition. The PCRA court stated, in part, that the Petition was untimely filed. [Appellant] filed a *pro se* Response, challenging the PCRA court's finding that his Petition was untimely filed. On August 28, 2020, the PCRA court issued an Order acknowledging that it had improperly determined that [Appellant's] PCRA Petition was untimely filed and rescinding its prior Notice. The PCRA court issued Rule 907 Notice of its intent to dismiss [Appellant's] PCRA Petition on the basis that it lacked merit. [Appellant] filed a *pro se* Response. [Appellant] also filed a Motion, seeking removal of Christopher B. Wencker, Esquire ("Attorney Wencker"), as his counsel, and seeking the appointment of new counsel. On September 18, 2020, the PCRA court dismissed [Appellant's] PCRA Petition, and denied his Motion as moot, since Attorney Wencker had not been appointed to represent [Appellant] in [the] PCRA proceedings.

[Appellant], *pro se*, filed a timely Notice of Appeal. On December 17, 2020, this Court issued an Order noting that [Appellant] had filed a *pro se* appeal, and the docket did not indicate that [Appellant] had PCRA counsel. Accordingly, this Court directed the PCRA court to resolve any issues regarding [Appellant's] representation. In response, on December 30,

2020, the PCRA court appointed William Tressler, Esquire ("Attorney Tressler") as counsel.

*Commonwealth v. Zamichieli*, 268 A.3d 414, No. 1420 MDA 2020, 2021 WL 5194087, at *2-3 (Pa.Super. filed 11/9/21) (unpublished memorandum) (footnote omitted).

On appeal, this Court noted the PCRA court failed to appoint counsel to assist Appellant during the pendency of his first PCRA petition, and the record was devoid of any indication that a hearing was held pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1988), to determine whether Appellant wished to proceed *pro se*. Consequently, we concluded the PCRA court had denied Appellant his right to counsel during the pendency of his first PCRA petition. Thus, we held as follows:

> [B]ecause [Appellant] was denied his right to counsel, we vacate the PCRA court's Order dismissing [Appellant's] first PCRA petition, and [we] remand the matter to the PCRA court for appropriate proceedings under the PCRA. On remand, the PCRA court shall determine whether [Appellant] is entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904, and whether [Appellant] wishes to proceed *pro se* or with the assistance of counsel. If [Appellant] is entitled to and desires representation, the PCRA court shall appoint [Appellant] PCRA counsel. Alternatively, should [Appellant] wish to waive his right to counsel and proceed *pro se*, the PCRA court shall conduct a *Grazier* hearing, and supplement the record with the transcripts from the *Grazier* hearing and colloquy.

*Zamichieli*, No. 1420 MDA 2020, 2021 WL 5194087, at *5-6.

Upon remand, Appellant filed a *pro se* "Motion to Voluntarily Waive PCRA Counsel and Seek to Proceed *Pro Se*," and on May 6, 2022, the PCRA court held a *Grazier* hearing. After extensive questioning by the PCRA court,

Appellant affirmatively indicated he was voluntarily waiving counsel and wished to proceed *pro se* as to the litigation of his PCRA petition. N.T., 5/6/22, at 1-6. After concluding Appellant understood his right to counsel and voluntarily waived the right, the PCRA court ruled that Appellant could proceed *pro se*. ***Id.*** at 6.

Thereafter, by order and opinion entered on July 25, 2022, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing or notice of its intent to dismiss under Pa.R.Crim.P 907(1).[1] This timely *pro se* appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement, and the PCRA court filed a brief Rule 1925(a) opinion.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

> 1. P.C.R.A. court errored (*sic*) by not addressing issue or not granting relief on the issue that the trial court abused its discretion by denying motion rule 600 Pa.R.Crim.P. rule 600 (*sic*) by determining that rule 600 does not apply to the case

---

[1] In its opinion, the PCRA court noted it denied Appellant's PCRA petition without providing "the usual twenty (20) days' notice and opportunity to respond" since the petition was clearly "frivolous." PCRA court Opinion, filed 7/25/22, at 1.

This Court has held that the notice requirement of Rule 907(1) is mandatory. ***See Commonwealth v. Vo***, 235 A.3d 365, 372 (Pa.Super. 2020). Thus, the PCRA court's non-compliance with Rule 907(1) requires vacatur of the order denying PCRA relief, unless the petitioner waives the claim by failing to raise it on appeal. ***See id.***; ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013). Here, while Appellant raised the issue in his Rule 1925(b) statement, he has abandoned the issue on appeal. That is, Appellant has raised no challenge in his appellate brief to the PCRA court's non-compliance with Rule 907(1)'s notice requirement, and thus, he has waived any issue with regard thereto. ***See id.***

in the trial court of common pleas docket number although over 500 non-excludable days elapsed and common wealth (*sic*) failed to exercise due diligence on producing mandatory discovery and bringing a speedy trial.

2. [T]rial counsel was ineffective for failing to raise the issue on direct appeal that the trial court abused its discretion by not granting rule 600 motion to dismiss although counsel knew that such issue had merit warranting discharged (*sic*) from custody.

3. [T]rial court abused it's (*sic*) discretion by determining that Zamichieli was competent to stand trial and be sentenced without first obtaining an expert in the field of mental health testimony or obtaining a psych evaluation although the court and counsel questioned his competency multiple proceedings before and after trial given his mental health symptoms as evidence.

4. [T]rial counsel was ineffective for failing to raise competency issue before trial and on direct appeal although such issue had merit as Zamichieli may have been found incompetent and not convicted or sentenced as counsel was on notice of his clints (*sic*) deteriation (*sic*).

5. [T]rial court abused its discretion and vilolated (*sic*) confrontation clause and the right to face the alleged accuser-victim "fass" although this alleged person didn't attend preliminary hearing or trial to testify and common wealth (*sic*) used 2nd or 3rd party testimony of a state trooper to find a *prima facie case* although alleged victim identity was unknown.

6. [T]rial court abused its discretion by allowing the admitting of evidence such as DNA and lab results and reports of DNA data although there was no chain of custody for the known sample of DNA to compare to the DNA on the other evidence in this case.

7. [T]rial counsel was ineffective for failing to move to surpress (*sic*) the DNA lab results or expert testimony before and at trial and failing to raise this issue on direct appeal about the chain of custody although such issue had merit and would have changed the outcome of the case.

8. [T]rial counsel was ineffective for failling (*sic*) to file a timely allowance of appeal to the surpreme (*sic*) court after the denial of direct appeal by the superior court on 12/20/19 and counsel did not notifie (*sic*) me of his failure to file this requested appeal until 5/08/20 and did not notifie (*sic*) me of my legal rights to

appeal *pro se* or by counsel knowing I would have appealed timely.

9. [E]vidence was insufficient to exstablish (*sic*) elements of crime statute of § 2703.2 and the statute was unconstitutionally vague to explain the necessary conduct thats (*sic*) specifically prohibited.

Appellant's Brief at 9-10.

Initially, we note our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. **Commonwealth v. Sattazahn**, 597 Pa. 648, 952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." **Commonwealth v. Scassera**, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted). We review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Prater**, 256 A.3d 1274 (Pa.Super. 2021).

Upon review, we find Appellant's eighth issue to be dispositive.[2] Appellant asserts direct appeal counsel was ineffective for failing to file his

_____

[2] Based upon our disposition, as discussed *infra*, we need not address Appellant's remaining PCRA claims. **See Commonwealth v. Harris**, 114 A.3d 1 (Pa.Super. 2015) (recognizing that if a PCRA petitioner's appeal rights should be reinstated *nunc pro tunc* the court is precluded from reaching the merits of the other issues raised in the petition).

requested petition for allowance of appeal with the Pennsylvania Supreme Court after this Court affirmed his judgment of sentence.[3]

In considering this issue, we are mindful that, generally, a defendant has a rule-based right to effective counsel throughout his direct appeal, including seeking review in the Pennsylvania Supreme Court. Pa.R.Crim.P. 122(B)(2); **Commonwealth v. Liebel**, 573 Pa. 375, 825 A.2d 630 (2003). Counsel's failure to file a requested petition for allowance of appeal constitutes a constructive denial of counsel and ineffective assistance *per se*. **See Commonwealth v. Parrish**, ___ Pa. ___, 224 A.3d 682 (2020) (holding appellate counsel's abandonment of client during appellate process, including failing to file a requested petition for allowance of appeal with our Supreme Court, is ineffectiveness *per se*); **Liebel**, **supra**.

As this Court has explained:

> [T]he unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and…an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. **See Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564, 571 (1999). In **Liebel,** our Supreme Court looked to the principles of **Lantzy** and the failure to file a direct appeal, and applied them to the situation of the failure to file a petition for allowance of appeal. **See Liebel,** [**supra**,] 825 A.2d at 634-36. The Supreme Court held that in presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. **See id.** at 635. In these

---

[3] We note Appellant raised this claim in his PCRA petition, as well as in his Rule 1925(b) statement.

situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established *per se*. ***See id.***

On the other hand, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa.Super. 1999). Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal. ***Cf. Commonwealth v. Cooke***, 852 A.2d 340, 344 (Pa.Super. 2004) and ***Commonwealth v. Gadsden***, 832 A.2d 1082, 1088 (Pa.Super. 2003) (directing PCRA court upon remand to determine whether appellant requested that petition for allowance of appeal be filed).

***Commonwealth v. Bath***, 907 A.2d 619, 622 (Pa.Super. 2006). ***See Commonwealth v. Dickey***, No. 687 WDA 2021, 2022 WL 4543556 (Pa.Super. filed 9/29/22) (unpublished memorandum)[4] (discussing the legal precepts related to an appellant's claim counsel was ineffective in failing to file a petition for allowance of appeal).

In the case *sub judice*, as indicated *supra*, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing. In denying Appellant's ineffectiveness claim, the PCRA court made no factual findings regarding whether Appellant requested that direct appeal counsel file a petition for allowance of appeal with our Supreme Court.

---

[4] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

- 9 -

Rather, in denying Appellant's ineffectiveness claim pertaining to counsel's failure to file the alleged requested petition for allowance of appeal, the PCRA court held the following:

> [Appellant] is familiar with the process of appealing a decision to our Supreme Court, having filed a petition for allowance of appeal in a prior, unrelated PCRA case[.] Regardless, because appeal to our Supreme Court is discretionary, and not as of right, an ineffective assistance of counsel claim based on failure to file petition for allowance of appeal is not cognizable unless it is shown that the issue to be appealed is one for which the Supreme Court would have granted review. [Appellant] has not done so here, and thus this claim has no merit.

PCRA Court Opinion, filed 7/25/22, at 7 (citations omitted).

We conclude the PCRA's court legal analysis is flawed. To the extent the PCRA court suggests Appellant could have filed a petition for allowance of appeal *pro se*, we note Appellant has a rule-based right to counsel to assist him in filing a petition for allowance of appeal in his direct appeal proceedings, and there is no indication Appellant waived that right. **See Liebel**, **supra**. Furthermore, to the extent the PCRA court suggests Appellant's ineffectiveness claim is not "cognizable" absent proving the Supreme Court would have granted the petition for allowance of appeal, we note our Supreme Court has specifically rejected such an analysis. **See Liebel**, **supra**. **See also Commonwealth v. Pankery**, 258 A.3d 528, No. 1619-20 EDA 2020, 2021 WL 2446277, at *4 (Pa.Super. filed 6/15/21) (unpublished memorandum) ("Requiring a petitioner to prove that the Court would have accepted the appeal would as a practical matter prove to be an impossible burden, as a

'petitioner simply cannot be expected to speculate on the internal operations and decisions of' the Supreme Court.") (quoting **Liebel**, **supra**, 825 A.2d at 636 n.10)).

Here, Appellant pled in his petition, and alleged on appeal, that he requested direct appeal counsel file a petition for allowance of appeal with our Supreme Court, but counsel unjustifiably failed to do so. If Appellant can prove that he timely requested counsel to file a petition for allowance of appeal, and that counsel unjustifiably[5] disregarded that request, he would be entitled to the reinstatement of his right to file a petition for allowance of appeal *nunc pro tunc*. **See Liebel**, **supra**.

However, absent the PCRA court's findings on this matter, we find it necessary to vacate the PCRA court's order and remand for further proceedings consistent with this decision, including an evidentiary hearing as provided for by Pa.R.Crim.P. 907.[6]

---

[5] In **Liebel**, our Supreme Court noted:
> [P]rovided appellate counsel believes that the claims that a petitioner would raise in a [petition for allowance of appeal] to this Court would not be completely frivolous, a petitioner certainly has a right to file such a petition to this Court[,]…[and] counsel's unjustified failure to perfect a requested appeal [in such circumstances] is the functional equivalent of having absolutely no representation at all on direct appeal[.]

**Liebel**, **supra**, 825 A.2d at 635. **See Commonwealth v. Ellison**, 851 A.2d 977 (Pa.Super. 2004).

[6] We note that a PCRA court may dismiss a petition without an evidentiary hearing "[i]f the judge is satisfied from this review that there are no genuine
*(Footnote Continued Next Page)*

- 11 -

Order vacated; Case remanded; Jurisdiction relinquished.


Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/06/2023

---

issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief[.]" Pa.R.Crim.P. 907(1). Here, we agree with Appellant that his PCRA petition presented a genuine issue of material fact, and he may be entitled to PCRA relief, *i.e.*, the reinstatement of his right to file a petition for allowance of appeal. Accordingly, an evidentiary hearing is warranted on this issue on remand.